IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE RAY BRADLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| VILLAGE OF UNIVERSITY PARK, | ) | |
| ILLINOIS, an Illinois Home Rule | ) | |
| municipality, and VIVIAN COVINGTON, | ) | |
| Mayor of UNIVERSITY PARK, | ) | |
| ILLINOIS, both individually and her | ) | |
| official capacity as mayor, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT</u>

NOW COMES your Plaintiff, EDDIE RAY BRADLEY, by and through his attorney, JOHN

THOMAS MORAN, JR., of the Moran Law Group, and complains of Defendant VILLAGE OF

UNIVERSITY PARK, ILLINOIS, an Illinois Home Rule municipality (hereafter "VILLAGE") and

VIVIAN COVINGTON, Mayor of the VILLAGE, as follows:

### NATURE OF THE CASE

1.      Plaintiff brings this action for violation of his civil rights, and of Illinois law and

statutes regarding termination of village police chiefs, and of the Illinois Wage Payment and

Collection Act and the Illinois Whistleblower Act.

### JURISDICTION AND VENUE

2.      This action arises under the United States Constitution, amendment XIV, and

federal statutes, 42 U.S.C. §§ 1983 and 1988. Jurisdiction over such claims arises under 28

U.S.C. § 1331, and 28 U.S.C. § 1343. The Court has supplemental jurisdiction over Plaintiff's

remaining state court claims pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this judicial district in accord with 28 U.S.C.§1391 (b) and ( c), as Plaintiff and Defendants either reside in this district or have their principal place of business in this district, and all events giving rise to Plaintiff's claims occurred within this district.

### JURY DEMAND

4.      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff requests a trial by jury.

### PARTIES

5.      Plaintiff EDDIE RAY BRADLEY(hereafter "Plaintiff" or "BRADLEY"), at all times relevant to  this complaint, is a citizen of the United States and has resided in the Village of University Park, Illinois 60484.   His place of employment as Chief of Police was the Village of University Park, Police Station, 650 Burnham Drive, the vast majority of which is located in Will County, Illinois.

6.      Plaintiff has an extensive and exemplary law enforcement background and was Chief of Police of the Village of University Park, Illinois from October of 2013 until his purported termination,  first revealed to him in a letter to Plaintiff signed by defendant Mayor Covington dated  May 29, 2015.   A copy of this letter is attached hereto and made part hereof as **Exhibit A** to this Complaint.

7.      The VILLAGE's Chief of Police immediately prior to Plaintiff was Mel Davis who did not have a written agreement with the VILLAGE.  He was paid a $25,000.00 severance.

8.      Defendant VILLAGE OF UNIVERSITY PARK, ILLINOIS (hereafter the "VILLAGE") is a home rule unit of Illinois and an Illinois municipal corporation.

9.     Defendant Vivian Covington (hereafter the "MAYOR")  is the present Mayor of the VILLAGE and was its Mayor at all times relevant to this Complaint and is sued in both her official capacity and individually.

10.     The May 29, 2015 letter from the MAYOR acknowledges Plaintiff's contract of employment but claims, *inter alia*,  that Plaintiff's contract with the Village is "ultra vires" and "void ab initio" and therefore, the letter claims, "the contract conferred no rights, imposed no duties and afforded no protection."   The letter purports to rely on an 1892 Illinois court decision and 65 ILCS 5/3.1-30-5( c), a statute concerning the replacement of a removed or dismissal municipal officer.

11.     Prior to the May 29th letter, the MAYOR informed Plaintiff by letter dated May 16, 2015, that he had been placed on "administrative leave" with pay.  A copy of this letter is attached to this Complaint as **Exhibit B** and made part hereof.

12.     Plaintiff commenced work as Chief of Police of the Village pursuant to a written contract.  After one year, he was offered and he accepted a new written employment contract paying him a salary of $100,000.00 a year, plus the following enumerated benefits: full medical benefits; three weeks vacation in 2015 for January 1 to December 31; four weeks vacation in 2016 for January to December 31; any vacation for the year that is not used by December 1 shall be paid at that time; sick time, 10 hours per month (bringing forward 120 hours for fiscal year 2014), two weeks annual Police Chief training mandatory with expenses paid by the Village, Departmental take home car, all village recognized holidays off.

13.     Plaintiff's written contract provides for removal for cause, only after service of written notice of the for-cause charges at least seven (7) days before any date for a hearing with

such hearing to be before the Village Board at which time Plaintiff "shall be allowed to explain his position," and the Village Manager may suspend Plaintiff with or without pay from the period prior to the hearing and any period, not in excess of two (2) weeks during which time the Village Board will consider termination of the contract.

14.     Plaintiff's written contract provides for termination without cause but requires that the Village Board notify Plaintiff in writing of that decision and pay a termination fee equal to four (4) months salary to Bradley, "as Bradley may have lost other employment opportunities." A copy of the contract is attached here as **Exhibit C** and made part hereof.

## FACTS COMMON TO ALL CLAIMS

15.     At all times material to this complaint, Plaintiff was employed by the defendant VILLAGE as its Chief of Police for one year and eight months under his written employment contracts.

16.     Both because of his written contract of employment and by virtue of Illinois law, Plaintiff had a protectable property interest in his position.

17.     Plaintiff performed all of the duties of his position satisfactorily.

18.     Illinois law expressly sets forth a process for the removal of police chiefs in home rule units.  See 65 ILCS 5/10-2.1-4 and 5/10-2.1-17.

19.     65 ILCS 5/10-2.1-4 requires that the mayor of a municipality file with the municipality's board "the reasons for such removal or discharge, which removal or discharge shall not become effective unless confirmed by a majority vote of the corporate authorities."

20.     This has not been done in the instant case.

21.     On May 12, 2015, a "Regular Meeting" of the VILLAGE Board of Trustees was

held.

There was no discussion of any impending termination of Plaintiff at that meeting or in executive session.

22.     Though required by law and by his contract, Plaintiff has never received any required notifications or statement of reasons for dismissal or termination.

23.     In addition, 65 ILCS 5/10-2.1-17 further requires that: "Except as hereinafter provided, no officer or member of the fire or police department of any municipality such to this Division 2.1 shall be removed or discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense. * * *" The hearing is to be commenced within 30 days of the filing of the reasons."

24.     No hearing as required by 65 ILCS 5/10-2.1-17 has ever been conducted.

25.     65 ILCS 5/10-2.1-17 further provides that if a police chief is "appointed in the manner provided by ordinance," while they may be removed or discharged "by the appointing authority" the appointing authority is required to "file with the corporate authorities the reasons for such removal or discharge, which removal or discharge *shall not* become effective unless confirmed by a majority vote of the corporate authorities."   (Emphasis supplied.)  In addition, the municipality's board of fire and police commissioners are to conduct a "fair and impartial hearing of the charges, to be commenced within 30 days of the filing thereof. . . ."

26.     Plaintiff is unaware of the filing of any reasons for his dismissal or termination pursuant to 65 ILCS 5/10-2.1-17 by the VILLAGE nor has the board of fire and police commissioners conducted any hearing to permit Plaintiff to respond, nor has his contractual right to notice been complied with.

27.     Plaintiff has never been accorded a name-clearing hearing by the VILLAGE or its Board of Fire and Police Commissioners.

28.     Plaintiff pointed out the blatant violation of his statutory and due process rights in his purported termination and that under Illinois law, he was still Chief of Police, by certified letter to Mayor Covington dated July 14, 2015 and received on July 17, 2015.  (A copy is attached to this Complaint as **Exhibit D** and made part hereof.)

29.     To date there has been no response to that letter.

30.     Except for termination for cause, Plaintiff is entitled under his contract to severance pay amounting to four months pay at his regular salary after termination.  No legally appropriate termination pursuant to the agreement and state law has yet to occur here and therefore his right to salary and benefits has never abated.

31.     Plaintiff has never been convicted of any offenses which could result in termination for cause nor has the MAYOR or the VILLAGE so claimed.

32.     No reason has ever been given for the claimed termination of Plaintiff's contract.

33.     No notice was ever given to Plaintiff enumerating any charges for termination or suspension, nor to the best of Plaintiff's knowledge, has any hearing been held at which a majority vote was taken to terminate him.

34.     Plaintiff has been afforded no opportunity to be heard regarding any decision to terminate his contract.

35.     Defendants'  publicized Plaintiff's illegal and improper "termination".

36.     To date, there has been no response from either the VILLAGE or the Mayor and Plaintiff has received no wage payments since on or about May 15, 2015.

## COUNT I
### (Violation of Civil Rights)

37.     Plaintiff reincorporates paragraphs 1 - 36 above as if set out in this Count I in full.

38.     Plaintiff has at all times possessed a present entitlement to the benefits of his contract which constitutes a protected property interest under by the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Illinois Constitution of 1970, art. 1, section 2.

39.     Defendants have failed to accord Plaintiff due process of law in that they have failed to provide a fair and prompt pre-termination hearing, including but not limited to the notice required by law as well as contract of the hearing date, place and time, and notice of the charge or charges being leveled against Plaintiff, and in no other way providing Plaintiff with an opportunity to be heard, in violation of the due process clause of the United States Constitution, amendment XIV, and the Illinois Constitution of 1970, article 1, section 2.

40.     Defendants have further failed to provide any fair and prompt post-termination hearing, in violation of the due process clause of the United States Constitution, amendment XIV, and the Illinois Constitution of 1970, article 1, section 2.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant him the following relief:

A.     All wages and benefits plaintiff would have received but for the Due Process violations, including but not limited to back pay, front pay, pre-judgment interest, benefits and reinstatement into his position;

B.     Compensatory damages in an amount to be determined at trial to

compensate Plaintiff for the humiliation, anguish, and emotional distress caused by defendants' conduct;

C.     A permanent injunction enjoining defendants from engaging in the practices complained of herein;

D.     A permanent injunction requiring that defendants adopt employment practices and policies in accord with and in conformity to the requirements of 42 U.S.C. § 1983;

E.     A declaratory judgment that defendants' actions violate 42 U.S.C. § 1983;

F.     The Court retain jurisdiction of this case until such time as it is assured that defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

G.     An award of reasonable attorney's fees, costs, and litigation expenses; and

I.     Such other relief as the Court may deem just or equitable.

### COUNT II
### (Breach of Contract - Failure to Give Notice and To Provide an Opportunity to be Heard)

41.     Plaintiff reincorporates paragraphs 1 - 40 of Count I as if set out in this Count II in full.

42.     Plaintiff's employment agreement expressly provides that it can be terminated only following proper "written notice setting forth the charges against him at least seven (7) days prior to such a hearing."  (See **Exhibit C** to this Complaint.)

43.     Plaintiff's contract requires the defendant VILLAGE to provide Plaintiff with a hearing where he would have an opportunity to be heard on the charges leveled against him.

44.     Plaintiff has received no notice, no hearing nor opportunity to be heard by the VILLAGE in breach of his written employment agreement.

45.     In addition, Plaintiff's contract states that except for his conviction of a felony or

of a crime involving moral turpitude or "for cause," he is entitled to severance pay equal to four (4) months of his regular salary.

46.     The claimed termination here was neither pursuant to proper or any notice nor was it based on any allegation of cause or criminal conduct, nor was Plaintiff provided a hearing, all in breach of the contract.

WHEREFORE, Plaintiff prays that he be awarded damages for defendants' breach of contract in the amount of all unpaid salary and benefits to and including the date a majority of the Village board votes on a properly noticed motion to terminate, and if so terminated, an award of the four (4) months of pay based on his salary along with any increases, and all other benefits to which Plaintiff is otherwise entitled, and statutory interest and/or equitable interest on such sums, and his reasonable attorneys' fees.

## COUNT III
## (DEFAMATION)

47.     Plaintiff reincorporates paragraphs 1 - 46 of Count II as if set out in this Count III in full**.**

48.     The actions of the defendants in publicizing their illegal purported termination of Plaintiff constituted defamation *per se*, injuring him in his profession and held him out to public opprobrium, impeached his integrity, and his reputation and lowered him in the eyes of the community.     49.     Illinois recognizes five categories of statements that are defamatory per se: (1) those imputing the commission of a criminal offense; (2) those imputing infection with a loathsome communicable disease; (3) those imputing an inability to perform or want of integrity in the discharge of duties of office or employment; (4) those that prejudice a party or impute lack of ability in the party's trade, profession or business; and (5) those imputing adultery or

fornication.

50.     Defendants' actions in publicizing Plaintiff's termination without providing him with a name-clearing hearing, implied that he was unable to perform his profession, was guilty of criminality, or imputed a lack of ability in his trade, profession or business, and seriously prejudiced him in the law enforcement community and therefore, constitute defamation *per se.*

51.     The publication of the illegal termination without any name-clearing hearing was intended to hold Plaintiff up to scorn, ridicule and public opprobrium and to suggest that he was guilty of some criminal act and to impeach his reputation,

52.     The defendants published the illegal termination Plaintiff knowing that it was false and with a reckless disregard for that truth or falsity.

53.     The defendants' actions were intentionally malicious, seeking to not only injure Plaintiff but to permanently damage Plaintiff's reputation within the law enforcement community in the United States to destroy Plaintiff's ability to obtain similar future employment.

54.     The publications were defamation *per se* and are not capable of an innocent construction.

55.     The publications were for the sole purpose of revenge and vindictiveness for Plaintiff's investigation into various activities of members of the VILLAGE BOARD and individuals on the police force.

56.     The actions of the defendants and each of them were the direct and proximate cause of damage to Plaintiff.

## PRAYER FOR RELIEF

Plaintiff Eddie Ray Bradley prays for compensatory damages in an amount in excess of

FOUR HUNDRED THOUSAND DOLLARS ($400,000.00), and punitive damages against the individual defendant in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), a sum sufficient to deter the individual defendant from continuing to make new defamatory comments against Plaintiff and to encourage compliance with the law, and to bar the defendants from broadcasting and publishing the illegal termination in the future.

## COUNT IV
## (FALSE LIGHT)

57.     Plaintiff reincorporates paragraphs 1 - 56 of Count III as if set out in this Count IV in full.

58.     The defendants' actions in publicizing Plaintiff's illegal termination placed Plaintiff in a false light before the public and their actions extended far beyond any privileged scope.

59.     The false light in which Plaintiff was placed, that he had failed to perform the duties of his office appropriately or was removed for failure to perform or for a want of integrity or for criminality, is highly offensive to a reasonable person.

60.     The defendants acted with actual malice, that is with the knowledge that the termination was illegal and placed Plaintiff in a false light or with a reckless disregard for whether the public assumed the basis for the termination was true or false.

## PRAYER FOR RELIEF

Plaintiff Eddie Ray Bradley prays for compensatory damages in an amount in excess of FOUR HUNDRED THOUSAND DOLLARS ($400,000.00), and punitive damages against the individual defendant in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS

($500,000.00), a sum sufficient to deter the individual defendant from continuing to make new defamatory comments against Plaintiff and to encourage compliance with the law, and to bar the defendants from broadcasting and publishing the illegal termination in the future.

### COUNT V
#### (Illinois Whistleblower Act Violation)

61.    Plaintiff reincorporates paragraphs 1 - 60 of Count IV as if set out in this Count V in full.

62.    Plaintiff disclosed to the Village Manager the details of an investigation he was conducting into an account discovered at Seaway Bank.  After disclosing the investigation, the person on the account resigned from VILLAGE employment in or about June, 2015.

63.    This information was conveyed to the defendant MAYOR and to the VILLAGE.

64.    Plaintiff was conducting an investigation into the handling of stolen vehicles placed into storage by the VILLAGE.  This investigation was reported to the defendant MAYOR.

65.    Plaintiff was conducting an investigation into a VILLAGE Trustee who was accused of pistol whipping his son, breaking his son's jaw.  Plaintiff received a communication from the Village Clerk asking why the records were at the station. He was advised that they should not be there due to their age.  The Clerk had received an FOIA request for the records.  Plaintiff was told to forget about the incident because the trustee was a friend of the MAYOR.

66.    On complaining to the Village Manager and to the MAYOR, Plaintiff stated his concerns and what Plaintiff believed to be violations of federal and state law as

well as Village policy.

67. Defendant MAYOR retaliated against Plaintiff for conducting and reporting his

investigations and continuing them after being warned to cease, by illegally

terminating Plaintiff's employment as Chief of Police.

## PRAYER FOR RELIEF

Plaintiff Eddie Ray Bradley prays for actual and compensatory damages in an amount in

excess of FOUR HUNDRED THOUSAND DOLLARS ($400,000.00), and punitive damages

against the individual defendant in an amount in excess of FIVE HUNDRED THOUSAND

DOLLARS ($500,000.00), a sum sufficient to deter the individual defendant from continuing to

retaliate against whistle blowers or an amount commensurate with the injury, as well as awarding

Plaintiff his costs and reasonable attorney's fees as provided by statute, 740 ILCS § 174/15.

## COUNT VI
### (Violation of the Illinois Wage Payment and Collection Act)

68. Plaintiff reincorporates paragraphs 1 -67 of Count V as if set out in this Count VI

in full.

69. Plaintiff brings Count VI pursuant to  820 ILCS 115/11 ( c) and this Court's

supplemental jurisdiction under 28 U.S.C. § 1367 (a) to hear and adjudicate violations of this

Act.

70. Plaintiff's contract, unless properly terminated, runs through 2016.

71. To date, Defendants have made no payment of wages to Plaintiff since the

purported termination though the contract of employment has never been legally terminated.

72.     Plaintiff has made timely and appropriate demands on Defendants for payment of wages.  Defendants have refused to make any payments for wages.

**PRAYER FOR RELIEF**

In light of the foregoing, Plaintiff respectfully requests that this Court grant him judgment and award him unpaid wages, plus penalties, interest, costs and attorneys' fees pursuant to statute and for any other relief this Court deems necessary and appropriate.

Respectfully submitted,

By:     /s/ John Thomas Moran, Jr.
        Attorney for Plaintiff.

MORAN LAW GROUP
309 West Washington St., Suite 900
Chicago, Illinois 60606-3209
Telephone:  312-630-0200
Telefax: 312-630-0203
j.t.moran@moranlawgroup.com