UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDDIE RAY BRADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Court No. 15 cv 08489 |
| VILLAGE OF UNIVERSITY PARK, ) | |
| ILLINOIS, an Illinois Home Rule ) | Honorable Judge Charles R, Norgle, Sr. |
| municipality, and VIVIAN COVINGTON, ) | |
| Mayor of UNIVERSITY PARK, ILLINOIS, ) | |
| both Individually and her official capacity as ) | |
| mayor, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS**

NOW COME Defendants, the VILLAGE OF UNIVERSITY PARK ("the Village") and VIVIAN COVINGTON ("Covington") (collectively "the Village Defendants"), by and through their attorneys, PETERSON, JOHNSON & MURRAY CHICAGO, LLC, and for their Response to Plaintiff's Motion for Sanctions, state as follows:

**INTRODUCTION**

Plaintiff Ed Bradley ("Plaintiff") has filed a Motion for Sanctions for the Village Defendants seeking leave to file affirmative defenses (Doc. No. 62), which was granted by this Court, and the Motion for Judgment on the Pleadings (Doc. No. 69) based upon those affirmative defenses. Plaintiff's revisionist history is inconsistent with the Seventh Circuit's opinion, the docket in this case, and even Plaintiff's counsel's own motion practice. Plaintiff's counsel has taken an aggressive and baseless course of action in filing this motion. For the reasons below, Plaintiff's motion should be denied.

1

## LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 11, sanctions are proper when a party or attorney signs a pleading or motion that is not well-grounded in fact and warranted by existing law. Fed. R. Civ. P. 11. Federal Rule of Civil Procedure 11, also states in pertinent part:

> (b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information

*Id.*

## ARGUMENT[1]

First, Plaintiff simply restates his arguments from his late filed Motion to Strike Affirmative Defenses (Doc. No. 68) and Response to Defendants' Judgment on the Pleadings (Doc. No. 75) i.e., that the Mandate Rule and the Law of the Case Doctrine applies and precludes our arguments. As the Village Defendants have already argued, Plaintiff's reliance on both legal theories is misplaced. The Seventh Circuit only reviewed one defense, the *Parratt* Doctrine, which

---

[1] For the sake of brevity, Defendants adopt and incorporate fully herein the facts and legal arguments set forth in their Motion for Leave to File Additional Affirmative Defenses (Doc. No. 62), Defendants Motion for a Judgment on the Pleadings (Doc. No. 69), Defendants' Response to Plaintiff's Motion to Strike Affirmative Defenses (Doc. No. 71) and Defendants' Reply in Support of their Motion for Judgment on the Pleadings.

as this Court knows, *presumes* Plaintiff had a protectable property interest. Indeed, the Seventh Circuit did not rule on any of the other defenses raised by Defendants or affirmative defenses, for which leave to file was sought with this Court before this Court dismissed Plaintiff's claims.

Second, Plaintiff's counsel's filings belie any argument that the Seventh Circuit mandated judgment in Plaintiff's favor for his Due Process claim, Breach of Contract claim, and Wage Payment and Collection Act Claim.[2] If Plaintiff's counsel truly felt this was the extent of the holding, then Plaintiff's counsel would not have sought to reopen discovery and would have simply filed a motion to enter judgment on the Seventh Circuit's mandate. (Doc. No. 51). Plaintiff's arguments cannot be reconciled with his past motion practice or the failure to seek entry of a judgment that Plaintiff now argues was mandated by the Seventh Circuit. It defies logic that Plaintiff would not have sought entry of judgment or even raise the issue in the months after the mandate, and before Defendants' filed their dispositive motion. Now faced with the true impact of Motion for Judgment on the Pleadings before this Court, Plaintiff is attempting to try to muddy the waters with a misleading characterization of the procedural posture of this matter and the prior rulings in this case.

Third, the Village Defendants have not hidden the Seventh Circuit's opinion from this Court. The citation to the opinion was front and center in the Village Defendants' Motion for Leave to File Additional Affirmative Defenses. (Doc. No. 62, ¶¶ 9-11). Further, this Court is most certainly familiar with the extent of the Seventh Circuit's holding as to one limited defense. If the Court were mandated by the Seventh Circuit to enter judgment in favor of Plaintiff as to certain

---

[2] Plaintiff sought entry of judgment for these counts in his Response to Defendants 12(c) Motion because the Seventh Circuit purportedly "resolved" the claims. (Doc. No. 75, p. 12). However, there was no such findings made by the Seventh Circuit as to the affirmative defenses now before this Court.

claims, the Seventh Circuit would have explicitly stated such and this Court would have surely done so.

Fourth, Plaintiff has not substantively addressed the merits of Defendants' arguments raised in Defendants' Motion for Judgment on the pleadings i.e., Plaintiff did not have a protectable property interest because the employment contract was void *ab initio*. Rather, Plaintiff only chose to argue that the law of the case doctrine and mandate rule warranted judgment in his favor. Plaintiff's failure to argue a contrary position is astounding and Plaintiff's silence speaks volumes. Plaintiff did not and could refute the merit of such arguments and could only cobble in applicable legal contentions to stave off a finding that Plaintiff's claims cannot survive in the face of Defendants' pending dispositive motion.

Distilled to its essence, Plaintiff's Motion seeks sanctions for the Village Defendants' assertions of legal defenses that the Village Defendants undisputedly endeavored to raise before Plaintiff took an appeal to the Seventh Circuit and which this Court allowed to be pled. Plaintiff has moved to strike the affirmative defenses, a motion that is now fully briefed, but before affording this Court the time to rule on said motion, which is without merit, Plaintiff chose to file another baseless motion grounded upon the same legal arguments. Such motion practice violates the edicts of 28 U.S.C. § 1927 and warrants the imposition of sanctions against Plaintiff's counsel[3]. This Court's rulings as to the that motion would put Plaintiff's legal arguments to rest, one way or the other. Plaintiff has sought attorneys' fees as a sanction, which is illogical based upon the arguments advanced by Plaintiff. If Plaintiff is correct about the impact of the Seventh Circuit's opinion (which he is not), then Plaintiff would be entitled to attorneys' fees. 28 U.S.C. § 1988.

---

[3] This Court has cautioned litigants that the filing of a frivolous motions for sanctions could warrant sanctions against the movant. See, *Bond v. American Medical Ass'n*, 764 F. Supp. 122, 126 (ND Ill. 1991)(Stating "[t]he court reminds plaintiff's counsel that a frivolous motion for sanctions is, in itself, sanctionable.)(citation omitted).

However, if Plaintiff is wrong, the death knell for Plaintiff's lawsuit has been rung. Under the circumstances, the purpose of this motion is clear – to harass the Village Defendants and needlessly waste the time and resources of this Court. To reiterate, instead of affording this Court time to rule on the pending motions during the closure of the courts, Plaintiff unnecessarily filed this Motion for Sanctions. Therefore, this Court should deny Plaintiff's Motion for Sanctions and award the Village Defendants their attorneys' fees for having to respond to the same.

## CONCLUSION

WHEREFORE Defendants, the VILLAGE OF UNIVERSITY PARK and VIVIAN COVINGTON, respectfully request that this Court enter an order denying Plaintiff's Motion for Sanctions, award Defendants attorneys' fees, and for any other relief that this Court deems necessary and just.

Respectfully submitted,

By: /s/*Dominick L. Lanzito*
One of the Attorneys for Defendants
Date: May 11, 2020   Village of University Park and Vivian Covington

DOMINICK L. LANZITO (Attorney No. 6277856)
PETERSON, JOHNSON & MURRAY CHICAGO, LLC
200 West Adams Street, Suite 2125
Chicago, Illinois 60606
(312) 782-7150
dlanzito@pjmchicago.com