IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| EDDIE RAY BRADLEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 15-cv-08489 |
| v. ) | |
| ) | Hon. Charles R. Norgle, Sr. |
| VILLAGE OF UNIVERSITY PARK, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF SANCTIONS**

If there was any doubt about sanctioning counsel, the Response to Bradley's Motion obliterates it. The Defendants not only refuse to answer the serious accusation of misleading the Court, but they incorporate in their Response the very Motion for Judgment on the Pleadings spawning sanctions in the first place. *See* Doc. 80 at 2, n.1. Counsel thus doubles down on his deceit.

Bradley's Sanctions Motion has 20 paragraphs detailing how the Defendants disregard the Seventh Circuit's controlling findings and their own concessions. Doc. 76. The Response does not engage a single paragraph. Other than calling the Motion "baseless, "aggressive," "revisionist," and a means to "harass," the Defendants cannot refute the reasons for sanctions. *See* Doc. 80 at 1, 5. And once again, the Defendants make no effort to reconcile their Motion for Judgment on the Pleadings with the Seventh Circuit's controlling findings and their explicit concessions. This evasion embodies why the Defendants' position is so frivolous as to warrant sanctions.

Indeed, the Response is a primer on misdirection. First, the Defendants claim

Bradley moves for sanctions due to the "Defendants seeking leave to file affirmative defenses." Doc. 80 at 1. This is wrong. The opening paragraph of Bradley's Motion for Sanctions is clear that sanctions are for the Defendants' "frivolous Motion for Judgment on the Pleadings." Doc. 76 at 1.

Second, the Defendants misleadingly assert the Seventh Circuit "only reviewed one defense, the *Parratt* Doctrine." Doc. 80 at 2. While Bradley will not rehash the multiple appellate findings set forth in the Opening Motion, the following excerpt (one of many) exposes the Defendants' lie: "The parties agree that Bradley had a protected property interest in his continued employment. They agree that the mayor and the village board are the policymakers for their municipality on the subject. And everyone agrees that although there was ample opportunity for a hearing, Bradley received no pretermination notice or hearing." *Bradley v. University Park*, 929 F.3d 875, 878 (7th Cir. 2019). Hardly limited to *Parratt*.

Third, the Defendants deflect by raising Bradley's litigation strategies. Doc. 80 at 3. They speculate why Bradley has not filed certain motions and the timing of others. *Id*. The Defendants forget this case is not limited to the due process and breach of contract claims. There are four additional counts not foreclosed by the Seventh Circuit opinion: defamation, false light, an Illinois Whistleblower Act violation, and an Illinois Wage Payment and Collection Act violation. The appellate decision only resolves the due process and breach of contract counts. Regardless, what Bradley has done on remand does not alter the fact counsel misled the Court and filed a frivolous motion.

Fourth, the Defendants claim they "have not hidden the Seventh Circuit's

2

opinion from this Court." Doc. 80 at 3. They cite their Motion for Leave to File Affirmative Defenses, where the opinion was "front and center." *Id.*, citing Doc. 62. But the Motion for Leave has no relevance here. Again, sanctions are sought for the "frivolous Motion for Judgment on the Pleadings." *See* Doc. 76 at 1. Thus, the Defendants implicitly concede the Motion for Judgment on Pleadings never mentions the controlling appellate decision. The Defendants also implicitly admit their motion, in lieu of the controlling appellate decision, relied on another Seventh Circuit decision for the facts here. *See* Doc. 69 at 3, n. 2, citing *Linear v. Village of University Park*, 887 F.3d 842, 843 (7th Cir. 2018).

Fifth, without a hint of irony, the Defendants complain that "before affording this Court the time to rule" on the Motion to Strike Affirmative Defenses, Bradley had the temerity to seek sanctions. Doc. 80 at 4. Again projecting, it was the Defendants, four days **after** Bradley moved to strike the defenses, that filed the Motion for Judgment on the Pleadings. *See* Doc. 69. The Defendants thus created the parallel pleadings. Worse, the Motion for Judgment on the Pleadings ignored the arguments of Bradley's previously filed motion to strike. *See* Doc. 68. Thus, the motion practice the Defendants object to "during the closure of the courts" is exactly what they have done. Doc. 80 at 5.

Sixth, the Defendants make a single-sentence plea for sanctions. Doc. 80 at 4. This conclusory, one-sentence argument is waived. *See United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim."); *Schaefer v. Universal Scaffolding & Equipment,* 839 F.3d 599, 609 (7th Cir. 2016) (same). Because the Defendants'

3

sanctions request is skeletal and undeveloped, it is waived. Further, the Defendants did not comply with the safe harbor provision of Rule 11.

Seventh, the Response evades that in the Defendants' own appellate brief, they admit "Plaintiff had a protected property interest in his employment." *See* App. Doc. 21 at 14. Trying to relitigate already conceded issues is the height of frivolous. The Defendants offer no counter.

Eighth, the Defendants' firing of Bradley "did not comply with the termination provisions of Bradley's employment contract, the requirements of state law, or—critical to this case—the Fourteenth Amendment." *Bradley v. University Park*, 929 F.3d 875, 880 (7th Cir. 2019). Counts I and II are thus resolved in Bradley's favor. The Defendants continue to mislead the Court by disregarding this explicit finding. Ignoring controlling precedent "is a paradigm of frivolous litigation." *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 809 (7th Cir. 2003). More so when the controlling precedent is in the same case. *See Butler v. FDIC*, No. 11-cv-6692, 2014 U.S. Dist. Lexis 27682, *20 (N.D. Ill. Feb. 28, 2014) (Norgle, J.) (sanctions warranted based on, *inter alia*, attempt to reargue previously rejected claims).

In sum, pursuant to the express language of Rule 11, an attorney can be sanctioned for advocating a baseless claim. *See* FED.R.CIV.P. 11(b)(1); *Nisenbaum*, 333 F.3d at 809 (7th Cir. 2003) ("[p]ressing a claim even after its emptiness became pellucid must be described as vexatious"). Moreover, counsel has a duty of candor to the Court. The misleading and frivolous arguments of the Motion for Judgment on the Pleadings, recycled in the Response, flout that duty. Instead of withdrawing the Motion, counsel clings to his deceit.

4

Respectfully submitted,

<u>s/ John Moran</u>
John T. Moran
The Moran Law Group
309 West Washington, Suite 900
Chicago, Illinois 60606
(312) 630-0200
j.t.m.moran@gmail.com

Christopher Keleher
The Keleher Appellate Law Group, LLC
155 North Wacker Drive, Suite 4250
Chicago, Illinois 60606
(312) 448-8491
ckeleher@appellatelawgroup.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that he served the attached Reply in Support of Sanctions on counsel of record via the Northern District ECF system on May 14, 2020 to:

Dominick Lanzito
Peterson, Johnson & Murray
Chicago, LLC
200 West Adams, Suite 2125
Chicago, Illinois 60606
(312) 724-8037
dlanzito@pjmchicago.com


s/ John Moran
John T. Moran
The Moran Law Group
309 West Washington, Suite 900
Chicago, Illinois 60606
(312) 630-0200
j.t.m.moran@gmail.com