**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDDIE RAY BRADLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> VILLAGE OF UNIVERSITY PARK, ) <br> ILLINOIS, an Illinois Home Rule ) <br> municipality, and VIVIAN COVINGTON, ) <br> Mayor of UNIVERSITY PARK, ILLINOIS, ) <br> both Individually and her official capacity as ) <br> mayor, ) <br> ) <br> Defendants. ) | Court No. 15 cv 08489 <br><br> Honorable Judge Charles R, Norgle, Sr. |

**DEFENDANTS' MOTION FOR A PROTECTIVE ORDER
LIMITING THE SCOPE OF DISCOVERY DEPOSITIONS**

NOW COME Defendants, the VILLAGE OF UNIVERSITY PARK ("the Village") and VIVIAN COVINGTON (collectively "the Village Defendants"), by and through their attorneys, PETERSON, JOHNSON & MURRAY CHICAGO, LLC, and pursuant to Federal Rule of Civil Procedure 26(c), move the Court for the entry of a protective order providing that the discovery depositions of Vivian Covington ("Covington") and Joseph Roudez ("Roudez") be limited to an examination of factual matters pertaining to Plaintiff's Defamation, False Light and Illinois Whistleblower Act claims and that the deposition of Theaplise "Theo" Brooks ("Brooks") be prohibited. In support of their motion, the Village Defendants state as follows:

**PROCEDURAL AND FACTUAL HISTORY**

1. On September 25, 2015, Eddie Bradley ("Plaintiff") filed this action against the Village Defendants, alleging claims for Fourteenth Amendment Procedural Due Process violation, Breach of Contract, Defamation, False Light and violations of the Illinois Whistleblower Act and

1

the Illinois Wage Payment and Collection Act, 740 ILCS § 174/1 *et seq*. and 820 ILCS § 115/1 *et seq*. (Doc. 1, Compl.). The case stems from the Village Defendants' firing of Plaintiff as the Village's Chief of Police in May 2015. (Doc. 1, Compl., ¶¶ 6, 10, Exhibit A). From October 2013 until his termination, Plaintiff had worked as the Village's Chief of Police pursuant to a written contract. (Doc. 1, Compl., ¶ 12, Exhibit C).

2. On December 23, 2015, the Village Defendants timely answered Plaintiff's complaint, denying the material allegations therein. (Doc. 11, Answer). The Village Defendants' answer raised affirmative defenses predicated on a failure to state a claim and qualified immunity, among other theories. (Doc. 11, Answer, pp. 17, 19).

3. On July 12, 2016, the Court *sua sponte* ordered the parties to submit briefing on the Village Defendants' qualified immunity affirmative defense. (Doc. 28, Order of July 12, 2016). Via the same order, the Court further directed the parties to brief the applicability of *Michalowicz v. Village of Bedford Park*, 528 F. 3d 530 (7th Cir. 2008), to Plaintiff's Procedural Due Process claim. (Doc. 28, Order of July 12, 2016).

4. Following the submission of the aforesaid requested briefing, on September 1, 2016, the Court rendered a judgment on the pleadings on and dismissed Plaintiff's Procedural Due Process claim with prejudice, finding that it failed to state a claim for relief in light of *Michalowicz*. (Doc. 35, Order of Sept. 1, 2016). Specifically, the Court determined that Plaintiff's complaint alleged a random and unauthorized deprivation of a protected property interest by the Village Defendants. (Doc. 35, Order of Sept. 1, 2016, pp. 7-8). The Court further held that an adequate post-deprivation state procedural remedy for Plaintiff's loss existed that afforded him the necessary due process. (Doc. 35, Order of Sept. 1, 2016, pp. 7-8). Finally, the Court declined to exercise jurisdiction over Plaintiff's state law Illinois Whistleblower Act, Illinois Wage Payment

and Collection Act, Defamation, False Light and Breach of Contract claims and dismissed those claims without prejudice to Plaintiff's ability to pursue them in state court. (Doc. 35, Order of Sept. 1, 2016, pp. 3-4).

5. On September 16, 2016, Plaintiff filed a notice of appeal from the Court's September 1, 2016 order. (Doc. 36, Notice of Appeal). Plaintiff's appeal was docketed before the U.S. Court of Appeals for the Seventh Circuit ("the Seventh Circuit") as Appeal No. 16-3456.

6. On July 16, 2019, the Seventh Circuit issued a majority panel opinion reversing this Court's September 1, 2016 dismissal order, reinstating Plaintiff's Procedural Due Process claim and remanding the case for further proceedings. (Doc. 45, Seventh Circuit Opinion). The majority held that the decision to terminate Plaintiff was handed down as a matter of Village policy under the guise of *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978), and could not possibly amount to random and unauthorized conduct within the meaning of *Michalowicz*. (Doc. 45, Seventh Circuit Opinion). The majority determined that to conclude otherwise would equate to finding a municipality not liable for official conduct and intrude upon *Monell*. (Doc. 45, Seventh Circuit Opinion).

7. On remand from the Seventh Circuit, on October 8, 2019 and October 15, 2019, Plaintiff filed motions with the Court to re-open or obtain discovery. (Doc. Nos. 46 & 51, Motions). In the said motions, Plaintiff represented that he needed to depose Covington, the Village's Mayor at the time of his termination, Roudez, a Village Trustee at the time of his termination and the Village's current Mayor, and Brooks, a Village Trustee first elected in April 2017 and who did not hold any Village office at the time of Plaintiff's termination[1]. (Doc. Nos. 46 & 51, Motions). The

---

[1] Notably, Brooks was not disclosed as a possible witness by any party to this action in their respective Rule 26 Disclosures.

3

Court granted Plaintiffs' motions and set a discovery closure deadline of December 13, 2019. (Doc. 53, Order).

8. A settlement conference was held on February 10, 2020, but despite the parties and counsels' sincere efforts, the case remained unresolved. (Doc. 60). The parties did not engage in discovery while preparing for the said settlement conference.

9. In the wake of the settlement conference, Plaintiff issued deposition notices for Covington, Roudez and Brooks.

10. On March 12, 2020, the Village Defendants were granted leave to and filed additional affirmative defenses. (Doc. 62, Motion; Doc. 64, Order dated March 12, 2020). For their first additional affirmative defense, the Village Defendants pled that Plaintiff failed to state a claim for Procedural Due Process upon which relief can be granted because he did not have a constitutionally protected property interest in continued employment since his employment contract was null, void and unenforceable under Illinois law. (Doc. 65, Additional Affirmative Defenses). For their second additional affirmative defense, the Village Defendants pled that Plaintiff cannot state a claim for Breach of Contract or a violation under the Illinois Wage Payment and Collection Act because his employment contract was null, void and unenforceable under Illinois law. (Doc. 65, Additional Affirmative Defenses).

11. On March 27, 2020, Plaintiff filed a motion to strike the Village Defendants' additional affirmative defenses. (Doc. 68, Motion to Strike ). Among other averments, Plaintiff contended that the Village Defendants' additional affirmative defenses were barred by the law of the case doctrine or the mandate rule based upon purported "controlling" findings the Seventh Circuit made in Appeal No. 16-3456. (Doc. 68, Motion to Strike, pp. 4-5).

12. On March 31, 2020, the Village Defendants filed a Rule 12(c) motion seeking judgment on the pleadings as concerns Plaintiff's Procedural Due Process, Breach of Contract and Illinois Wage Payment and Collection Act claims based upon their above-noted additional affirmative defenses. (Doc. 69, Motion for Judgment on the Pleadings).

13. On April 27, 2020, Plaintiff filed a response opposing the Village Defendants' motion for judgment on the pleadings. In his response, Plaintiff posited that the Seventh Circuit in Appeal No. 16-3456 had effectively entered judgment in his favor on his Procedural Due Process, Breach of Contract and Illinois Wage Payment and Collection Act claims. (Doc. 75, Response to Motion for Judgment on the Pleadings).

14. On May 1, 2020, Plaintiff filed a motion seeking Rule 11 sanctions against the Village Defendants' attorney. In the said motion, Plaintiff once again represented to this Court that the Seventh Circuit in Appeal No. 16-3456 had already ruled in his favor as concerned his Procedural Due Process and Breach of Contract claims. (Doc. 76, Motion for Sanctions).

15. Plaintiff's motion to strike the Village Defendants' affirmative defenses, Plaintiff's motion for Rule 11 sanctions and the Village Defendants' Rule 12(c) motion for judgment on the pleadings are all fully briefed and presently await a ruling from the Court.

16. In the interim, Plaintiff has continued to insist that the discovery depositions of Covington, Roudez and Brooks proceed imminently and that the said depositions be unlimited in scope – that is, that the depositions include questioning related to his Procedural Due Process, Breach of Contract and Illinois Wage Payment and Collection Act claims, which again are all claims that Plaintiff has represented to this Court were already resolved in his favor by the Seventh Circuit as part of Appeal No. 16-3456.

## **LEGAL STANDARDS**

17. Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b). However, Federal Rule of Civil Procedure 26(c) further provides that upon good cause shown, the Court may enter orders "to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A protective order may "forbid . . . inquiry into certain matters, or limit . . . the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D).

18. The decision to grant a protective order to limit a deposition is within a district court's broad discretion. *See Leffler v. Meer*, 60 F. 3d 369, 374 (7th Cir. 1995) ("District courts enjoy extremely broad discretion in controlling discovery"). "Pretrial discovery is time-consuming and expensive; it protracts and complicates litigation; and judges are to be commended rather than criticized for keeping tight reins on it." *See Olivieri v. Rodriguez,* 122 F.3d 406, 409 (7th Cir.1997)

19. The party requesting the protective order carries the burden of demonstrating good cause and can satisfy that burden by showing an adequate reason for the order. 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2035 (3d ed. 1998).

20. The filing of a dispositive motion does not automatically mandate a stay of discovery pending resolution of that motion, nor does the right to discovery always continue in light of a pending dispositive motion. *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 336 (N.D. Ill. 2005); *see also Walsh v. Heilmann*, 472 F.3d 504, 505 (7th Cir. 2006). Rather, the determination to stay or limit discovery is to be based upon the circumstances of the individual case at hand. *Sprague v. Brook*, 149 F.R.D. 575, 577-78 (N.D. Ill. 1993) (staying discovery pending resolution of a motion to dismiss where the requested discovery would not help resolve the motion). Importantly, limitations on pretrial discovery are warranted where claims may be

dismissed based on legal determinations that could not have been altered by any further discovery. *See Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 436-440 (N.D. Ill. 1996).

21. The Village Defendants, after conferring in good faith with Plaintiff's counsel[2] pursuant to Federal Rule of Civil Procedure 26(c) to resolve this discovery dispute without court action, now seek to have this Court enter a protective order limiting the scope of and/or prohibiting the depositions of the aforesaid individuals to factual matters pertaining to Plaintiff's Defamation, False Light and Illinois Whistleblower Act claims. This Court, in the sound exercise of its discretion, should grant the Village Defendants' instant motion.

## ARGUMENT

22. As chronicled herein, Plaintiff's Procedural Due Process, Breach of Contract, and Illinois Wage Payment and Collection Act claims are presently the subject of a pending Rule 12(c) motion for judgment on the pleadings that awaits a ruling from the Court. Plaintiff long ago responded to the said motion. (Doc. 75, Response to Motion for Judgment on the Pleadings). Therefore, it cannot be the case that the full-blown discovery in which Plaintiff now seeks to engage relative to the depositions of Covington, Roudez and Brooks has any possible bearing upon the legal issues presented by the Village Defendants' motion for judgment on the pleadings.

23. The Village Defendants' motion for judgment on the pleadings is rooted in that Plaintiff's written employment contract with the Village was invalid, void and unenforceable because it contravened the Illinois Municipal Code and that it therefore cannot not support Plaintiff's Procedural Due Process, Breach of Contract or Illinois Wage Payment and Collection

---

[2] The dispute regarding the scope of the depositions of Covington and Roudez and the dispute as to whether Brooks should even be deposed was identified in the parties' Joint Status Report as issues which necessitated a telephonic status hearing. (Doc. 85).

Act claims – which are all strictly legal inquiries. Questions pertaining to those subjects posed to Covington, Roudez and Brooks would be pointless, as it is within the Court's exclusive province to examine Plaintiff's employment contract against the alleged applicable Municipal Code provisions so as to make a determination concerning those legal issues. Such circumstances alone warrant a limitation on discovery.

24. Notably, the Village Defendants could under the circumstances justifiably request a stay of discovery entirely in this matter. After all, the resolution of the Village Defendants' motion for judgment on the pleadings will clarify the issues for the parties and thereby allow the parties to conduct any future discovery, if necessary, more efficiently and with less cost. Additionally, should their motion for judgment on the pleadings be granted, the Village Defendants anticipate that this Court would dismiss Plaintiff's remaining state law claims without prejudice for him to pursue those claims in state court and that this matter would be at an end.

25. However, in an effort to move Plaintiff's case forward during the COVID-19 pandemic and while the Village Defendants await a decision on their pending dispositive motion, counsel for the Village Defendants was willing to present Covington and Roudez for questioning regarding Plaintiff's other pending claims not impacted by the pending motion for judgment on the pleadings (i.e., Defamation, False Light and Illinois Whistleblower Act). Brooks was not on the Village Board at the time of Plaintiff's hiring or termination, and did not take office until 2017. The justification for a deposition of Brooks, who Plaintiff did not even disclose as a witness, is questionable at best. The proposed course by the Village Defendants is completely reasonable given the circumstances of this matter and considering the expenses attendant with all-inclusive, pretrial discovery. Moreover, Roudez and Brooks are busy public officials who should not be taken away from their work (both for the Village and any outside employment) to spend hours answering

lawyers' questions unless there is a real need. For her part, Covington is also gainfully employed and likewise should not be inconvenienced by having to answer questions about claims that supposedly already are concluded (again, as Plaintiff maintains) or are on the brink of resolution via a dispositive motion (as the Village Defendants contend).

26. The comprehensive discovery that Plaintiff seeks also completely contradicts his position in his numerous, prior submissions to this Court that the Seventh Circuit has already ruled in his favor as concerns his Procedural Due Process, Breach of Contract and Illinois Wage Payment and Collection Act claims and that the decision and findings of the Seventh Circuit in Appel No. 16-3456 have left the Village Defendants' case "in tatters". (Doc. 75, Response, pp. 1-2).

27. Viewed against the factual backdrop memorialized herein, Plaintiff's quest for unbridled discovery concerning all of his claims can only properly be viewed as harassing, vexatious, abusive and intended for an improper purpose. Again, Plaintiff has no defensible basis for making inquiries of Covington and Roudez about facts pertinent to his Procedural Due Process, Breach of Contract, and Illinois Wage Payment and Collection Act claims if, as Plaintiff has vehemently urged to this Court, the Seventh Circuit has already adjudged those claims in his favor.

WHEREFORE Defendants, the VILLAGE OF UNIVERSITY PARK and VIVIAN COVINGTON, respectfully request that this Court enter a protective order providing that the discovery depositions of Vivian Covington and Joseph Roudez be limited to an examination of factual matters pertaining to Plaintiff's Defamation, False Light and Illinois Whistleblower Act claims and that the deposition of Theaplise "Theo" Brooks ("Brooks") be prohibited. The Village Defendants further request any other or additional relief that the Court deems just, equitable or appropriate in the premises.

                                              Respectfully submitted,

                                By:    s/Dominick L. Lanzito
Date: June 11, 2020                                 One of the Attorneys for Defendants
                                                  University Park and Vivian Covington

DOMINICK L. LANZITO (Attorney No. 6277856)
PETERSON, JOHNSON & MURRAY – CHICAGO, LLC
200 West Adams Street, Suite 2125
Chicago, Illinois 60606
(312) 782-7150
dlanzito@pjmchicago.com