IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDDIE RAY BRADLEY,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE OF UNIVERSITY PARK, ILLINOIS, and VIVIAN COVINGTON, individually and in her official capacity as mayor of University Park,<br><br>Defendants. | Case No. 1:15-cv-8489<br><br>Hon. Charles R. Norgle |

## ORDER

Plaintiff's motion to strike Defendants' Affirmative Defenses [68] is granted. Defendants' Affirmative Defenses are stricken without prejudice. Defendants are granted leave file amended affirmative defenses that comply with the pleading requirements of the Federal Rules of Civil Procedure by March 24, 2021. Defendants' motion for judgment on the pleadings [69] is denied. Plaintiff's motion for sanctions [76] is denied.

## MEMORANDUM OPINION

In October 2013, the Village of University Park, Illinois appointed Plaintiff, Eddie Ray Bradley, as the Village's chief of police. Plaintiff worked in that capacity for a year under an initial written employment contract. Dkt. 11 at ¶ 12. In October 2014, Plaintiff and the Village agreed to a new contract that extended his term through the end of 2016. Ibid. In pertinent part, Plaintiff's 2014 contract allowed the Village to terminate his employment for cause, with notice and a hearing, but also without cause, with notice and payment of severance equal to four months' salary. Id. at ¶¶ 13-14. In May 2015, the Village, through its Board of Trustees and its mayor, Vivian Covington, placed Plaintiff on administrative leave and then fired him. Id. at ¶¶ 10-11. Covington's termination letter to Plaintiff claimed that his appointment ended as of May 15, 2015 by operation

of Illinois law and, as a result, his 2014 contract with the Village extending his appointment through 2016 was void. Id. at ¶ 10.

Plaintiff then filed this lawsuit with claims against the Village and Covington ("Defendants") under 18 U.S.C. § 1983, alleging that his termination violated his procedural due process rights under Fourteenth Amendment. Dkt. 1. Plaintiff also included in his Complaint Illinois common law claims for breach of contract, defamation, and false light, as well as statutory claims under the Illinois Whistleblower Act and the Illinois Wage Payment and Collection Act. Id. Defendants answered and filed seventeen affirmative defenses.[1] Dkt. 11. The Court dismissed Plaintiff's procedural due process claim with prejudice on the basis that post-termination remedies available to Plaintiff under Illinois law satisfied the Fourteenth Amendment's due process requirements because Plaintiff's termination was random and unauthorized by law. Dkt. 35. As the Court's subject matter jurisdiction hinged on Plaintiff's procedural due process claim, the Court dismissed Plaintiff's state law claims without prejudice to Plaintiff's ability to pursue them in state court. Id. Plaintiff appealed and, in an erudite opinion accompanied by a thoughtful dissent, the Seventh Circuit reversed. Bradley v. Vill. of Univ. Park, 929 F.3d 875 (7th Cir. 2020). On remand, Defendants' filed two additional affirmative defenses: XVIII (no constitutionally protected property interest) and XIX (unenforceable employment contract). Dkt. 65. Now before the Court are Plaintiff's Rule 12(f) motion to strike Defendants' Affirmative Defenses, Dkt. 68; Defendants' Rule 12(c) motion for judgment on the pleadings, Dkt. 69; and Plaintiff's Rule 11 motion for sanctions, Dkt. 76.

---

[1] Plaintiffs initial Affirmative Defenses include: I (failure to exhaust administrative remedies), II (qualified immunity), III (tort immunity for Covington), IV (failure to state a valid claim), V (failure to mitigate), VI (truth), VII (tort immunity for the Village), VIII (qualified privilege), IX (Defendants' statements are not actionable as defamation *per se*), X (defamation privilege), XI (First Amendment), XII (innocent construction), XIII (no actual malice), XIV (no damages), XV (fair reporting privilege), and XVI (no injury), and XVII (unclean hands). Dkt. 11 at 17-21.

2

## I. Plaintiff's Rule 12(f) motion to strike Defendants' Affirmative Defenses is granted.

The Court begins with Plaintiff's Rule 12(f) motion to strike Defendants' affirmative defenses. Rule 12(f) allows courts "to strike from a pleading an insufficient defense . . . ." Fed. R. Civ. P. 12(f). Motions to strike affirmative defenses are disfavored because they "potentially serve only to delay" but they can also serve to expedite, particularly where they "remove unnecessary clutter from the case." Heller Fin., Inc. v. Midwhey Powder Co., 883 F.2d 1286, 1294 (7th Cir. 1989). Thus, the Court may strike matters pleaded as affirmative defenses under Rule 12(f) if they may not be properly pleaded as affirmative defenses. Reis Robotics USA, Inc. v. Concept Indus., Inc., 462 F. Supp. 2d 897, 905 (N.D. Ill. 2006). Additionally, "[a]ffirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." Heller, 883 F.2d at 1294. In other words, "affirmative defenses must set forth a 'short and plain statement' of the basis for the defense" and "either direct or inferential allegations as to all elements of the defense asserted." Reis Robotics, 462 F. Supp. 2d at 904. "'[B]are bones conclusory allegations' are not sufficient." Id. at 905.

Plaintiff argues Defendants' affirmative defenses have some combination of the following defects: they are not properly pleaded as affirmative defenses, they are bare legal conclusions and fail to include a short and plain statement of the basis for the defense, they do not contain sufficient factual allegations to state a plausible defense, or they are precluded by the Seventh Circuit's opinion on Plaintiff's appeal. Plaintiff also asserts that Defendants' newly filed Affirmative Defenses XVIII and XIX were not timely filed. Defendants note that their response to Plaintiff's initial motion to strike agreed to withdraw four challenged affirmative defenses: Affirmative Defenses I, XIV, XV, and XVI. Defendants decry Plaintiff's renewal of his motion to strike those defenses as argument for the sake of argument and a waste of the Court's time, but the Court

observes that those defenses have not yet formally been withdrawn. Further, Defendants do not attempt to justify those defenses and, rather, implicitly renew their agreement to withdraw them.

Setting aside Plaintiff's other arguments, the Court agrees that Defendants' seventeen initial affirmative defenses fail to comply with the pleading requirements of the Federal Rules of Civil Procedure. Each only alleges bare bones legal conclusions and none include "a 'short and plain statement' of the basis of the defense" or "direct or inferential allegations as to all elements of the defense asserted." Reis Robotics, 462 F. Supp. 2d at 904-05. Some of the defenses merely parrot the legal standards for the defense; worse, the others parrot only the name of the asserted defense. That is not enough. Defendants' recently filed additional affirmative defenses, XVIII and XIX, are slightly more detailed, explaining that Plaintiff has failed to state a viable procedural due process or breach of contract claim because Plaintiff's 2014 contract is unenforceable under Illinois law as it extended beyond the term of the mayor in office at the time it was executed. However, the Court finds Defendants have nevertheless failed to plead enough allegations to satisfy the pleading requirements of the Rules of Civil Procedure. Accordingly, the Court strikes all of Defendants' Affirmative Defenses without prejudice. Defendants are granted leave file amended affirmative defenses that comply with the pleading requirements of the Federal Rules of Civil Procedure by March 24, 2021.

Plaintiff's motion to strike obliquely raises an issue that applies to several of Defendants' Affirmative Defenses, including Affirmative Defenses XVIII and XIX: they are not affirmative defenses. "'An affirmative defense is one that admits the allegations in the complaint, but avoids liability, in whole or in part, by new allegations of excuse, justification or other negating matters.'" Reed v. Columbia St. Mary's Hosp., 915 F.3d 473, 477 n.1 (7th Cir. 2019) (quoting Divine v. Volunteers of Am. of Ill., 319 F. Supp. 3d 994, 1003 (N.D. Ill. 2018)). In other words, "'a true

affirmative defense raises matters outside the scope of plaintiff's prima facie case and such matter is not raised by a negative defense . . . .'" Instituto Nacional De Comercializacion (Indeca) v. Cont'l Ill. Nat'l Bank & Trust Co., 575 F. Supp. 985 (N.D. Ill. 1983) (quoting 2A *Moore's Federal Practice* ¶ 8.27 [4], at 8-260). "In contrast, a so-called 'negative defense' directly challenges the substance of the plaintiff's allegations." Hubbell v. World Kitchen, LLC, 688 F. Supp. 2d 401, 422-23 (W.D. Penn. 2010) (quoting FTC v. Think All Publ'g, L.L.C., 564 F. Supp. 2d 663, 665 (E.D. Tex. 2008)). Thus, "a negative defense is the equivalent of a defendant saying, 'I did not do it.'" Think All Publ'g, 564 F. Supp. 2d at 665.

The most obvious examples of so-called negative defenses in Defendants' Affirmative Defenses are XIV (no damages) and XVI (no injury), though, as noted above, Defendants have at least implicitly renewed their agreement to withdraw them. Affirmative Defenses IX (Defendants' statements are not actionable as defamation *per se*) and XIII (no actual malice) are negative defenses too. See Solaia Tech., LLC v. Specialty Pub. Co., 852 N.E.2d 825, 839 (Ill. 2006) (claim for defamation *per se* under Illinois law requires plaintiff to establish that defendants' alleged statements fall within the categories of statements that are considered defamatory *per se*); Milkovich v. Lorain Journal Co., 497 U.S. 1, 14-15 (1990) (defamation plaintiffs who are public officials or public figures must establish that defendants' alleged statements were made with actual malice—knowledge that their statements were false or in reckless disregard of the truth).

Defendants' newly filed affirmative defenses are also negative defenses, as illustrated by Defendants' motion for judgment on the pleadings. Defendants assert in Affirmative Defense XVIII that Plaintiff "had no constitutionally protected property interest in continued employment as the Village's Chief of Police." Dkt. 65 at 1. But Defendants' motion for judgment on the pleadings notes that procedural due process claims first require Plaintiff to establish a deprivation

5

of a protected liberty or property interest. Dkt. 69 at 6 (citing Forbes v. Trigg, 976 F.2d 308, 315 (7th Cir. 1992)); see also Tucker v. City of Chicago, 907 F.3d 487, 491 (7th Cir. 2018) (procedural due process claims include two elements: "'(1) deprivation of a protected interest; and (2) insufficient procedural protections surrounding that deprivation.'" (quoting Michalowicz v. Village of Bedford Park, 528 F.3d 530, 534 (7th Cir. 2008)). The same is true for Affirmative Defense XIX, wherein Defendants claim Plaintiff's 2014 contract is unenforceable and, therefore, precludes Plaintiff's breach of contract and Wage Payment Act claims. In their motion for judgment on the pleadings, Defendants acknowledge a valid and enforceable contract is an essential element of a breach of contract claim. Dkt. 69 at 13 (citing Pepper Constr. Co. v. Palmolive Tower Condos, LLC, 59 N.E.3d 41, 66 (Ill. App. Ct. 2016)). Similarly, Defendants recognize that claims under the Wage Payment Act require the existence of "an employment contract or agreement." Dkt. 69 at 14 (citing Catania v. Local 4250/5050, 834 N.E.2d 966, 972 (Ill. App. Ct. 2005)).

Defendants do not need to affirmatively plead negative defenses in their answer and failing to affirmatively plead them does not result in waiver. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). This is so, at least in part, because a defendant's specific denials of the plaintiff's allegations in the answer provide the plaintiff with notice of the defendant's negative defenses. See, e.g., Porto v. Peden, 233 F. Supp. 178, 180 (W.D. Penn. 1964) ("The specific denial of agency warned plaintiff that he must prove agency as part of his prima facie case; such a denial is a negative defense, contradistinguished from an affirmative defense."). However, the Rules of Civil Procedure allow at least one negative defense, failure to state a claim, to be pleaded as an affirmative defense. Fed. R. Civ. P. 12(h)(2)(A). And though some courts do not hesitate to strike negative defenses pleaded as affirmative defenses, other courts let such defenses stand on the

understanding that they be treated as specific denials of the plaintiff's allegations. In re First Farmers Fin. Litig., No. 14 CV 7581, 2017 WL 3895567, *3 (N.D. Ill. Sept. 6, 2017).

As the Court has stricken all of Defendants' Affirmative Defenses without prejudice for failing to comply with the pleading requirements of the Rules of Civil Procedure and granted Defendants leave to file amended affirmative defenses, the Court does not yet need to choose between allowing negative defenses pleaded as affirmative defenses to stand as specific denials of Plaintiff's allegations or striking them with prejudice. However, the Court admonishes Defendants to carefully consider the propriety of any amended affirmative defenses they choose to file.

## II. Defendants' Rule 12(c) motion for judgment on the pleadings is denied.

Defendants' Rule 12(c) motion for judgment on the pleadings rehashes the parties' arguments in the briefing on Plaintiff's motion to strike about the scope and impact of the Seventh Circuit's opinion reversing the Court's dismissal of Plaintiff's procedural due process claim. But Defendants' motion provides a more appropriate vehicle for the Court to address those arguments, in part because the Court granted Plaintiff's motion to strike as to all of Defendants' Affirmative Defenses for failure to comply with the pleading requirements of the Rules of Civil Procedure.

Under Rule 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Pleadings 'include the complaint, the answer, and any written instruments attached as exhibits.'" Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc., 983 F.3d 307, 312 (7th Cir. 2020) (quoting N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend, 163 F.3d 449, 452 (7th Cir. 1998)). "The only difference between a motion for judgment on the pleadings and a motion to dismiss is timing; the standard is the same." Id. at 313. "Like Rule 12(b) motions, courts grant a Rule 12(c) motion only if 'it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief.'" N.

7

Ind. Gun & Outdoor Shows, 163 F.3d at 452 (quoting Craigs, Inc. v. General Elec. Capital Corp., 12 F.3d 686, 688 (7th Cir. 1993)). "Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." Id. "As with a motion to dismiss, the court views all facts and inferences in the light most favorable to the non-moving party." Federated Mut. Ins. Co., 983 F.3d at 313.

Defendants seek judgment on the pleadings as to Counts I, II, and VI of Plaintiff's Complaint: Plaintiff's procedural due process, breach of contract, and Wage Payment Act claims, respectively. As to Plaintiff's procedural due process claim, Defendants argue that Plaintiff did not have a property interest in continued employment as the Village's chief of police first because the Illinois Municipal Code did not shield him from being terminated without cause. Second, Defendants claim that Plaintiff's 2014 contract did not create a property interest because it is unenforceable under Illinois law as it extended beyond the term of the mayor at the time the contract was executed. Defendants next assert the unenforceability of Plaintiff's 2014 contract dooms his breach of contract claim. Defendants acknowledge that Plaintiff's Wage Payment Act claim does not require a formal contract; rather, Plaintiff must at minimum show an agreement demonstrated by facts displaying mutual assent to terms on payment of wages or final compensation. But Defendants claim Plaintiff cannot prove any facts that would establish mutual assent to such an agreement outside of the supposedly unenforceable 2014 contract because the only allegation in Plaintiff's Complaint that relates to the issue is that Plaintiff's predecessor was paid severance. Defendants assert that lone allegation is insufficient to establish the Village's assent to pay Plaintiff a severance or other final compensation under the Wage Payment Act.

Plaintiff eschews addressing the merits of Defendants' arguments and, rather, insists that the Seventh Circuit's opinion precludes the Court from granting Defendants' motion under the

mandate rule and the law of the case doctrine. On his procedural due process claim, Plaintiff emphasizes that Defendants conceded in this Court in the first instance and on appeal that Plaintiff adequately pleaded his procedural due process claim, including that he had a protected property interest in his job. Plaintiff claims that the Seventh Circuit's opinion relied on that concession in concluding Plaintiff has stated a viable procedural due process claim and that the post-termination remedies available to Plaintiff under Illinois law were not enough under the circumstances. Plaintiff also argues that Defendants' concession as to Plaintiff's property interest precludes their argument that Plaintiff's 2014 contract is unenforceable.

The mandate rule and the law of the case doctrine are closely related. Carmody v. Bd. Of Trs. of Univ. of Ill., 893 F.3d 397, 407 (7th Cir. 2018). "'The mandate rule requires a lower court to adhere to the commands of a higher court on remand.'" Ibid. (quoting United States v. Polland, 56 F.3d 776, 777 (7th Cir. 1995)). "'The law of the case doctrine is a corollary to the mandate rule and prohibits a lower court from reconsidering on remand an issue expressly or impliedly decided by a higher court absent certain circumstances.'" Ibid. (quoting United States v. Adams, 746 F.3d 734, 744 (7th Cir. 2014)). "Both the mandate rule and the law-of-the-case doctrine are strong, but they can bend in sufficiently compelling circumstances." Id. at 407-08. Examples of such compelling circumstances include subsequent factual discoveries or intervening changes in the law. Id. at 408.

Defendants do not press any exceptions to the mandate rule or the law of the case doctrine. Rather, the primary dispute between the parties is the scope of the Seventh Circuit's mandate and opinion to which the mandate rule and the law of the case doctrine apply. To be sure, the mandate rule and the law of the case doctrine conclusively foreclosed any defense to Plaintiff's procedural due process claim based on Michalowicz and its precursor Parratt v. Taylor, 451 U.S. 527 (1981).

9

with Defendants under the Wage Payment Act, and neither did the Seventh Circuit, in large part because Defendants conceded the matter.

But Plaintiff's misapplication of the mandate rule and the law of the case doctrine is not automatically fatal to his position because the substance of Plaintiff's argument reveals that Defendants have failed to sustain their burden to establish that there are no material issues of fact to be resolved. This is in part because of the vagaries of Defendants' litigation conduct in this Court and on appeal. Defendants repeatedly chided Plaintiff for explaining his theory of the property interest in his job that underlies his procedural due process claim, claiming that doing so was unnecessary because Defendants had not disputed and, in fact, conceded that Plaintiff had sufficiently pleaded a property interest to support his procedural due process claim. Dkt. 33 at 2 ("Despite Plaintiff's statements to the contrary, Defendants have made no argument that the Complaint is not pled sufficiently. The filing of an answer would appear to foreclose that fact."); Dkt. 75-2 at 23 ("In this case, the Village Defendants do not contest that Plaintiff had a protected property interest in his employment. Hence, Plaintiff's discussion of that topic in his opening Appellant's brief is superfluous. . . . The only question before the Court is the level of process due."); Bradley, 929 F.3d at 881 ("The village has conceded that Bradley held a protected property interest in his job.") and n.2 ("The village has expressly waived on appeal any arguments it might have made to the contrary.").

Defendants seek to avoid the consequences of those statements in two ways. First, Defendants claim that in response to Plaintiff's initial motion to strike Defendants' Affirmative Defenses, Defendants requested leave to file amended affirmative defenses including defenses based on the unenforceability of Plaintiff's 2014 contract. However, as explained above, such defenses are negative not affirmative defenses, and Defendants did not in fact press them until

11

after the appeal. Second, Defendants claim that the so-called Parratt defense to procedural due process claims concerns only the second element of the claim—the process due—and necessarily presumes the existence of a property interest. Defendants are correct that the Parratt defense concerns only the process due to a procedural due process plaintiff but misread the cases on which they rely to support their argument that the defense necessarily presumes a property interest. Rather, those cases merely assumed for the sake of argument that the plaintiff possessed a property interest because the courts found in favor of the defendants on the Parratt defense. Hadfield v. McDonough, 407 F.3d 11, 19 (1st Cir. 2005) ("Because we conclude that Hadfield's claim is barred by the *Parratt-Hudson* doctrine, we do not decide Hadfield's proper employment classification under Massachusetts law. We assume *arguendo* that Hadfield possessed a property interest in continued employment and the concomitant right to a hearing concerning his termination."); Reich v. Beharry, 883 F.2d 239, 242 (3d Cir. 1989) ("While we have considerable doubt as to whether Beharry's challenged decision deprived Reich of a protectible property interest, it is unnecessary for us to undertake this difficult task of line-drawing. Assuming, without deciding, that Beharry did deprive Reich of a protected property interest, we think it clear that he had available to him all the process that was constitutionally due." (footnote omitted)). But unlike Defendants here, the defendants in those cases pressed the issue of whether the plaintiff possessed a property interest. Hadfield, 407 F.3d at 19 (1st Cir. 2005) ("due process defendants argue that Hadfield did not have a property interest in continued employment"); Reich, 883 F.2d at 242.

Most importantly, confined to the pleadings, Defendants' motion fails when viewing Plaintiff's allegations and Defendants' admissions in the light most favorable to Plaintiff. Having stricken Defendants' Affirmative Defenses as failing to comply with the pleading requirements of the Rules of Civil Procedure, the only pleadings that remain are Plaintiff's Complaint and

12

Defendants' Answer. And Defendants' Answer contains one glaring procedural misstep that by itself precludes judgment on the pleadings on Plaintiff's procedural due process claim at this juncture. Paragraph 16 of Plaintiff's Complaint states, "Both because of his written contract of employment and by virtue of Illinois law, Plaintiff has a protectable property interest in his position." Dkt. 1 at ¶ 16. Defendants' Answer to paragraph 16 states, "Objection, paragraph 16 of Plaintiff's Complaint calls for a legal conclusion." Dkt. 11 at ¶ 16. That answer does not comply with the Rules of Civil Procedure. Rule 8(b)(1) requires a party responding to a pleading to "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). The rule applies to legal conclusions just the same as it applies to factual allegations. Holzer v. Prudential Equity Grp. LLC, 520 F. Supp. 2d 922, 928 (N.D. Ill. 2007). Rule 8(b)(6) provides, "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). Thus, at least for now, Defendants indeed have conceded that Plaintiff had a protected property interest in his job, thereby precluding the Court from granting judgment on the pleadings to Defendant on Plaintiff's procedural due process claim.

Similarly, perhaps yet another procedural misstep by Defendants precludes the Court from granting judgment on the pleadings as to Plaintiff's breach of contract claim. Defendants claim that sections 3.1-30-5(c) and 8-1-7(b) render Plaintiff's 2014 contract void because it extended beyond Covington's first term as mayor. Most relevantly, section 8-1-7(b) restricts municipalities from making contracts with certain municipal officers including police chiefs that exceed "the term of the mayor or president holding office at the time the contract is executed." 65 Ill. Comp. Stat. 8-1-7(b). Indeed, as Defendants posit, a contract for a municipal police chief that extends beyond the term of the mayor in office at the time the contract was executed is likely *ultra vires*

and *void ab initio*. Cannizzo v. Berwyn Twp. 708 Cmty Health Bd., 741 N.E.2d 1067, 1074 (Ill. App. Ct. 2000). The pleadings reveal that Plaintiff's 2014 contract extended through 2016. Dkt. 11 at ¶ 12. Defendants assert that Covington's first term as mayor ended in May 2015. Perhaps that assertion is true, but Defendants do not locate that fact in any pleading. Nor can Defendants, because no such fact is alleged or admitted in any pleading in this case, even in Defendants' now-stricken affirmative defenses. That is enough to deny judgment on the pleadings on Plaintiff's breach of contract claim.

Last, the Court finds Defendants' argument for judgment on the pleadings of Plaintiff's Wage Payment Act claim fails. Defendants acknowledge that Plaintiff's Wage Payment Act claim does not require an enforceable contract, just an agreement demonstrated by facts displaying mutual assent to terms. Landers-Scelfo v. Corporate Office Sys., Inc., 827 N.E.2d 1051, 1059 (Ill. App. Ct. 2005). Thus, even if Plaintiff's 2014 contract is unenforceable, viewing in a light most favorable to Plaintiff his allegations about the contract and its formation, as well as his allegation that his predecessor received severance, the Court cannot say that there are no set of facts that would entitle Plaintiff to prevail on his Wage Payment Act claim. Accordingly, the Court denies Defendants' motion for judgment on the pleadings. However, the Court acknowledges that some of the issues contained therein may indeed be ripe for decision on a motion for summary judgment.

### III. Plaintiff's motion for sanctions is denied.

Finally, Plaintiff moves for sanctions against Defendants' counsel under Rule 11 and 28 U.S.C. § 1927 on the basis that Defendants' motion for judgment on the pleadings was frivolous. Rule 11 "'is principally designed to prevent baseless filings.'" Royce v. Michael R. Needle P.C., 950 F.3d 939, 957 (7th Cir. 2020) (quoting Brunt v. Serv. Emps. Int'l Union, 284 F.3d 715, 721 (7th Cir. 2002)). Plaintiff's Rule 11 motion again claims that the Seventh Circuit's opinion

reversing this Court's dismissal of Plaintiff's procedural due process claim precluded Defendants' arguments in its motion for judgment on the pleadings under the mandate rule and the law of the case doctrine.

The Court, as explained above, disagrees with Plaintiff's expansive application of the mandate rule and the law of the case doctrine. Of course, the Court also ultimately denied Defendants' motion for judgment on the pleadings because Defendants failed to carry their burden to show that Plaintiff cannot prove a set of facts that would entitle him to relief on his procedural due process, breach of contract, and Wage Payment Act claims. However, the Court finds that Defendants' motion for judgment on the pleadings was not entirely frivolous or made in bad faith, especially considering the difficulty of separating the Seventh Circuit's holding on the issues presented in Plaintiff's appeal from the other issues that the Seventh Circuit's opinion discussed. Therefore, the Court denies Plaintiff's motion for sanctions. However, the Court reminds all parties and counsel that "'Rule 11 requires counsel to study the law before representing its contents to a federal court'" and that "'[a]n empty head but a pure heart is no defense.'" McGreal v. Village of Orland Park, 928 F.3d 556, 560 (7th Cir. 2019) (quoting Thornton v. Wahl, 787 F.2d 1151, 1154 (7th Cir. 1986)). Based on the parties' filings, the Court also perceives a level of incivility between the parties and their counsel. The Court implores all parties and counsel involved in this case to conduct themselves professionally and civilly, and to diligently explore the possibility of resolving this case.

    IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: February 22, 2021

15