IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION

EDDIE RAY BRADLEY

        Plaintiff,

        v.

VILLAGE OF UNIVERSITY PARK, *et. al*.,

        Defendants.

No. 15-cv-08489

Hon. Charles R. Norgle, Sr.

## PLAINTIFF'S SUMMARY JUDGMENT MEMORANDUM OF LAW

An employment contract and statute required that Eddie Ray Bradley be given notice and a hearing before termination. Defying the contract and the law, the Defendants summarily fired him. When Bradley sought post-termination relief the Defendants ignored him. Textbook due process violations.

The Seventh Circuit agrees. It held the Defendants "did not comply with the termination provisions of Bradley's employment contract, the requirements of state law, or—critical to this case—the Fourteenth Amendment." *Bradley v. University Park*, 929 F.3d 875, 880 (7th Cir. 2019). The Defendants' admissions also sufficed "to prove a due process claim under § 1983. . . ." *Id.* at 878. These findings, along with the Defendants' concessions and undisputed facts, compel summary judgment.

## THE STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The Court construes all facts in a light most favorable to the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There are no genuine issues of material fact when the record could not lead a rational trier of fact to find for the non-movant. *Id.*

## THE FACTS

Bradley was the University Park Chief of Police from October 2013 to May 2015. Rule 56.1 Statement of Fact ("SOF") 48; Doc. 1 at ¶ 6. After a year on the job, the Village renewed his employment contract for a two-year term. SOF 49, Exhibit B. His salary was $100,000 and benefits were medical, four weeks' vacation, severance, unused vacation time paid, and a vehicle. SOF 3, 53, Exhibit B. He satisfied all job performance expectations. SOF 36, 51, 54.

The day after a Village Board meeting in which Bradley's name was not mentioned, Bradley received a letter from the Mayor placing him on leave, but omitting why. SOF 4, Exhibit C; Doc. 1 at ¶ 21. The Mayor's second letter two weeks later told him he was fired. SOF 5, Exhibit D. The Mayor declared Bradley's employment contract "*ultra vires*," and as such she believed it "conferred no rights, imposed no duties and afforded no protection." *Id.*

Statutory provisions addressing the removal of police chiefs provide:

- A mayor must file with the municipality's board the reasons for removal and is effective only if confirmed by a majority of the corporate authorities. 65 ILCS § 5/10-2.1-4.

- No member of the police department shall be removed except for cause, upon written charges, and after an opportunity to be heard. 65 ILCS § 5/10-2.1-17.

- The appointing authority must file with the corporate authorities the reasons for removal. 65 ILCS § 5/10-2.1-17; Doc. 1 at ¶ 18.

Bradley was not notified of the charges or allowed to explain himself. SOF 42, 53, 55. The Mayor did not file reasons for removal with the Board. SOF 16, 25, 44, 48; Doc. 1 at ¶ 20. Bradley was not given a hearing before or after termination. SOF 15, 42, 44, 47, 54. The Village Board thus did not notify him of a decision. Finally, Bradley was not given a hearing before the Village Fire and Police Commissioners Board. SOF 25, 44, 48; Doc. 1 at ¶ 24.

Bradley's attorney sent the Mayor a certified letter on July 17, 2015. SOF 6, Exhibit E. The letter cited the due process violations and noted that since Bradley received no notice or hearing, he was still Chief of Police under Illinois law. SOF 6, Exhibit E. The letter concluded that "Bradley has never received notice, due process, or a hearing." SOF 6, Exhibit E. The Defendants ignored him. SOF 42, 43. Nor did the Defendants pay Bradley any of the severance, vacation, and sick pay owed to him under the contract. SOF 20, 52, 56, 57.

ARGUMENT

I.     The Mandate Rule and Law of The Case Doctrine Resolve The Due
       Process and Breach of Contract Counts.

Two doctrines necessitate summary judgment. First, the mandate rule,

which requires a district court follow an appellate court's findings on remand.

*Carmody v. University of Illinois*, 893 F.3d 397, 407 (7th Cir. 2018). Under

the mandate rule, any issue the Seventh Circuit decides "may not be

reconsidered by the district court on remand." *EEOC v. Sears*, 417 F.3d 789,

796 (7th Cir. 2005). Second, the law of the case doctrine, which prohibits a

district court from reconsidering an issue a higher court decided. *United*

*States v. Adams*, 746 F.3d 734, 744 (7th Cir. 2014). Once an appellate court

resolves an issue, it is "binding upon all subsequent proceedings in the same

case" per the law of the case doctrine. *Key v. Sullivan*, 925 F.2d 1056, 1060

(7th Cir. 1991). These two doctrines govern here.

The Seventh Circuit's holdings could not be clearer. The Court held the

Defendants' "decision to deprive Bradley of due process is the municipal

policy that forms the basis for defendants' liability." *Bradley*, 929 F.3d at 885.

Further, the Defendants' concessions "suffice to prove a due process claim

under § 1983 against the individual officials and the village itself, where the

village acted through high-ranking officials with policymaking authority." *Id*.

at 878. Most importantly, the Court concluded the Defendants "did not

4

comply with the . . . requirements of state law, or—critical to this case—the Fourteenth Amendment." *Id*. at 880. The Defendants' *en banc* petition did not challenge the Seventh Circuit's findings on the protected property interest, municipal liability, due process, or breach of contract. *See* Appellate Doc. 38. Any challenges to these findings or efforts to relitigate them are thus waived. *See Mendez v. Perla Dental*, 646 F.3d 420, 423-24 (7th Cir. 2011).

This Court considered the mandate rule and law of the case in denying the Defendants' Motion for a Judgment on the Pleadings. It found them inapplicable in that context because the Seventh Circuit "did not decide the issue of whether Plaintiff has adequately pleaded a property right in his job, whether Plaintiff's 2014 contract was enforceable, or whether Plaintiff had an enforceable agreement for wages or final compensation. . . ." Doc. 94 at 10-11. Bradley respectfully disagrees with this conclusion and asks the Court to reconsider as the case is now at summary judgment. More importantly, this Court omitted the second element of due process in its analysis. Therefore, the Court should apply the two doctrines given the Seventh Circuit's express findings on the level of process due and the Defendants' liability.

Further underscoring the mandate rule and law of the case doctrine are the Defendants' concessions. On appeal, the Defendants acknowledged Bradley "had a protected property interest in his employment." Appellate Doc. 21 at 14. They also emphasized "the only question before the Court is

the level of process due." *Id*. Citing the Defendants' own explicit admissions, the Seventh Circuit framed the undisputed:

> **The parties agree** that Bradley had a protected property interest in his continued employment.
>
> **They agree** that the mayor and the village board are the policymakers for their municipality on the subject.
>
> **And everyone agrees** that although there was ample opportunity for a hearing, Bradley received no pretermination notice or hearing.

*Bradley*, 929 F.3d at 878 (emphasis added); Doc. 68 at 2-3.

The Defendants' concessions and the Seventh Circuit's findings doom the Defendants. The Court's unequivocal holdings put this case in the ambit of the mandate rule and law of the case doctrine. These doctrines in turn compel summary judgment. But even setting them aside, the Defendants' flagrant due process violations still succumb to summary judgment.

II. The Defendants Violated Bradley's Due Process Rights When The Mayor Summarily Fired Him.

The Fourteenth Amendment prohibits local governments from depriving a person of property without due process of law. U.S. CONST. AMEND. XIV. A procedural due process claim under the Fourteenth Amendment has two inquiries: (1) whether there is a deprivation of a protected property interest, and (2) the level of process due. *Bryn Mawr Care*

*v. Sebelius*, 749 F.3d 592, 598 (7th Cir. 2014).

A.    Bradley's Protected Property Interest Is Conceded.

The property interest element is met. This Court previously found "Defendants do not dispute that Plaintiff's termination deprived him of a protected interest-his interest in his tenure as Chief of Police." Doc. 35 at 2. The Defendants reiterated this position on appeal, plainly admitting Bradley "had a protected property interest in his employment." Appellate Doc. 21 at 14. Finally, the Seventh Circuit noted "the village has conceded that Bradley held a protected property interest in his job." 929 F.3d at 881.

B.    The Defendants Admit And The Seventh Circuit Finds Bradley Was Not Afforded Due Process.

1.    Summary firings are quintessential due process violations.

The chief virtue of due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). Due process "requires some kind of a hearing" prior to the discharge of an employee with a protected property interest. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 542 (1985). Pre-deprivation protections include notice of the proposed deprivation, a statement of reasons for the deprivation, and an opportunity to respond. *Bradley*, 929 F.3d at 882. The "root requirement" of the Due Process Clause is a pre-termination hearing, which reflects the "severity of depriving a person of the means of

livelihood." *Loudermill*, 470 U.S. at 542-43. Even with robust post-termination protections, an opportunity to be heard before removal is thus "critical." *Carmody v. University of Illinois*, 747 F.3d 470, 475 (7th Cir. 2014).

> 2. The Seventh Circuit finds a due process violation here.

The Defendants falter on the second due process element because they conceded crucial points and the Seventh Circuit definitively ruled against them. The Court described Bradley's due process claim as one following "the mainstream of due process law for public employees with for-cause protection: he was summarily fired, without notice or an opportunity to be heard before he was fired (or even after he was fired)." *Bradley*, 929 F.3d at 899. Equally important for purposes here, the Court highlighted that "the village does not dispute these points." *Id*.

Liability was then confirmed. The Court found the "decision to deprive Bradley of due process is the municipal policy that forms the basis for defendants' liability." *Id*. at 885. Because the Defendants "did not comply with . . . the Fourteenth Amendment," Bradley can "prove a due process claim under § 1983." *Id*. at 878; 880. These holdings and the Defendants' admissions establish liability. Summary judgment is inescapable.

> 3. Additional precedent forecloses the Defendants' position.

Beyond *Bradley*, four cases illustrate the propriety of summary judgment. In *Chaney v. Suburban Bus Division*, the Seventh Circuit

explained that due process requires pre-termination procedures even if post-termination procedures exist. *Chaney v. Suburban Bus Division*, 52 F.3d 623, 628-29 (7th Cir. 1995). The dismissal for the employer was reversed where the plaintiff was not given notice or a hearing before termination. *Id*. at 630.

Similar to *Chaney* is *Schultz v. Baumgart*, 738 F.2d 231 (7th Cir. 1984). The *Schultz* Court explained that if an employer "summarily fired [plaintiff], affording him neither prior notice nor an opportunity to respond, due process would have been violated." 738 F.3d at 236. Summary judgment for the employer was reversed. *Id*.

Mirroring Bradley's experience is *Lalvani v. Cook County*, 269 F.3d 785 (7th Cir. 2001). The *Lalvani* plaintiff received a letter "bluntly telling him that his position had been eliminated." 269 F.3d at 788. The Court reversed summary judgment for the defendant as the letter did not meet "even the minimal" due process standards. *Id*. at 794. Precisely what happened here.

Finally, the Seventh Circuit in *Rebirth Christian Academy Daycare, Inc., v. Brizzi*, characterized the case as one "in which due process clearly required some pre-deprivation opportunity to be heard and the appellees provided no opportunity for a hearing, though nothing prevented them from doing so." *Rebirth Christian Academy Daycare, Inc., v. Brizzi*, 835 F.3d 742, 749 (7th Cir. 2016). As such, the Court reversed the dismissal of the due process claims due to the absence of a pre-deprivation hearing. *Id*.

The Defendants cannot overcome this precedent. Each case is a variation of the same theme—failure to provide pre-deprivation protections violates due process. Nor are these outcomes extraordinary. They reflect the commonsense notion that the opportunity to defend oneself before losing one's livelihood is a must if due process means anything. Indeed, this concept was the catalyst for the Supreme Court's holdings in *Mathews* and *Loudermill*. These decisions, coupled with the four Seventh Circuit cases, are fatal to the Defendants' position.

4. Due process requires post-termination protections.

Bradley also asserts a claim for the absence of a post-termination hearing. SOF 15, 48, 55; Doc. 1 at ¶ 40. The post-termination protections afforded Bradley matched the pre-termination ones: none. Bradley was shown the door, and his post-termination inquiries were ignored. SOF 6, 43.

The Defendants' post-termination conduct was illegal. Post-termination remedies should include the ability to return employees to their rightful positions. *Baird v. Bd. of Educ. for Warren Cmty. Unit Sch. Dist. No. 205*, 389 F.3d 685, 692 (7th Cir. 2004). Representation and the ability to present and challenge evidence are additional safeguards. *Michalowicz v. Village of Bedford Park*, 528 F.3d 530, 533 (7th Cir. 2008). Discovery is also permitted. *Powers v. Richards*, 549 F.3d 505, 509 (7th Cir. 2008). Given that Bradley was denied all pre-termination protections, a complete adversarial post-

termination hearing was necessary under *Loudermill*. *See* 470 U.S. at 545 (the process required includes a pre-termination opportunity to respond, coupled with post-termination administrative procedures). But the Defendants ignored *Loudermill* and provided nothing post-termination. This additional disregard for due process is another basis for summary judgment.

5.  Illinois statutory provisions require notice and a hearing.

Along with the contract, the Defendants flouted four statutory protections. First, the Mayor had to file the reasons for Bradley's removal with the Village Board. *See* 65 ILCS § 5/10-2.1-4; 65 ILCS § 5/10-2.1-17; SOF 16, 25; Doc. 1 at ¶ 24. The removal then had to be confirmed by a majority of the Village Board. *Id*. The Mayor did neither. SOF 44, 48; Doc. 1 at ¶ 25-26.

Second, no police officer may be removed "except for cause, upon written charges, and after an opportunity to be heard." 65 ILCS § 5/10-2.1-17; Doc. 1 at ¶ 26. The Mayor provided none. SOF 42, 44, 48; Doc. 1 at ¶ 26-27.

Third, the Board of Fire and Police Commissioners must conduct a "fair and impartial hearing of the charges." 65 ILCS § 5/10-2.1-17; Doc. 1 at ¶ 25. Bradley was given no such hearing. SOF 15, 32, 42, 48, 55; Doc. 1 at ¶ 26-27.

Fourth, the procedure for removing municipal officers is outlined in 65 ILCS § 3.1-35-10. The Mayor can remove any officer she appoints when municipal interests require it. 65 ILCS § 3.1-35-10. But the Mayor "shall report" the reasons to the Village Board within ten days. *Id*. If the Mayor

does not, the officer "shall be restored to the office." *Id*. Because the Mayor did not, Bradley "shall" be restored as Chief of Police.

These statutory provisions serve a critical function—chilling the temptations for unlawful political terminations. But the Defendants deemed themselves above the law when they unilaterally decided to snub the statute.

In conclusion, the due process claim is ripe for summary judgment. There are no factual disputes and the law on due process in the employment context has been established for four decades. The refusal to provide Bradley with any due process warrants summary judgment.

III.  **The Defendants Breached Their Contract With Bradley When They Denied Him Notice And A Hearing And Failed To Pay Him.**

A.  **The Breach of Contract Claim Is Already Resolved.**

For the reasons set forth above, like due process, the breach of contract issue is also controlled by the law of the case doctrine and the mandate rule. Further, the Defendants acknowledged Bradley's protected property interest in the district court and on appeal. More problematic for the Defendants than their concessions is the Seventh Circuit's unavoidable holding that an employment contract existed *and* was breached. *Bradley*, 929 F.3d at 880. The Court found the Defendants "did not comply with the termination provisions of Bradley's employment contract. . . ." *Id*. This is the blueprint for summary judgment on Count II.

B.     The Defendants Trampled Over Bradley's Contractual Rights.

Even setting aside the Seventh Circuit's finding, Bradley still prevails. A breach of contract claim requires: (1) a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) injury to the plaintiff. *Henderson-Smith & Assoc., Inc. v. Nahamani Family Serv. Ctr., Inc.,* 752 N.E.2d 33, 43 (Ill. App. Ct. 2001). Ultimately, courts seek to effectuate the parties' intentions. *Id.*

Those intentions are unmistakable here. The Defendants contractually provided Bradley with the protections of notice and a pre-termination hearing. Specifically, the contract permitted Bradley's removal for cause after written notice of the for-cause charges seven days before a hearing. SOF 3, Exhibit B. The contract also allowed for termination without cause, but required the Defendants to notify Bradley in writing of the decision. *Id*. The Defendants summarily fired Bradley and defied his requests for a hearing. SOF 5, 6, 42, 43, 48. A clear breach of contract.

There is an additional basis for summary judgment on Count II. Bradley is entitled under his contract to severance pay amounting to four months' pay at his regular salary after termination. SOF 56, 57. Bradley was never paid his severance. SOF 53, 57. Nor was he paid his unused vacation time for 2015 and 2016, accrued vacation time, and accrued sick time, despite being contractually entitled to them. SOF 53, 57. Finally, no proper

termination pursuant to the contract and state law occurred and thus Bradley's right to salary and benefits never abated. SOF 6, Exhibit E; 65 ILCS § 3.1-35-10. The contractual damages owed to is $200,000. SOF 57, Exhibit B.

In sum, the Seventh Circuit correctly found a breach of contract. 929 F.3d at 880. And because there is no factual dispute regarding the existence of a contract, Bradley's performance under it, the Defendants' breach, or Bradley's injuries, summary judgment on Count II is proper.

IV. The Wage Payment and Collection Act Claim Is Already Resolved.

Summary judgment on Count VI, Bradley's Wage Payment and Collection Act ("IWPCA") claim, is necessary as the Seventh Circuit found the Defendants "did not comply with the termination provisions of Bradley's employment contract. . . ." 929 F.3d at 880. The arguments on the breach of contract claim echo those for the IWPCA claim and are incorporated here.

The IWPCA provides employees with a cause of action for the "timely and complete payment of earned wages or final compensation, without retaliation from employers." *Byung Moo Soh v. Target Mktg. Sys., Inc.*, 817 N.E.2d 1105, 1107 (Ill. App. Ct. 2004). The IWPCA requires an employer to pay an employee all final compensation due under the agreement at the time of separation. 820 § ILCS 115/2. Final compensation includes wages, salaries, or other compensation the employer owes. *Id*. To prevail on his IWPCA claim,

Bradley must show an employment agreement and that compensation was not paid. *See* 820 § ILCS 115/2. An agreement under the IWPCA is "broader than a contact." *Zabinsky v. Gelber Group, Inc.,* 807 N.E.2d 666, 671 (Ill. App. Ct. 2004). The IWPCA requires only "a manifestation of mutual assent." *Id.*

That the Defendants employed Bradley and had a contract is undisputed. SOF 3. Also uncontested is that the Defendants paid Bradley no wages since the termination, though the contract has never been legally terminated. SOF 6. The Defendants also failed to pay him his contractually entitled severance, vacation, and sick time. SOF 53, 57. The Defendants ignored Bradley's request for this compensation. SOF 6, 43. These are clear IWPCA violations. For the same reasons as the breach of contract claim, summary judgment is proper on the IWPCA claim.

CONCLUSION

Depriving Bradley of his livelihood was "severe." *See Loudermill*, 470 U.S. at 543. The opportunity for Bradley to defend his job and reputation was imperative for a fair decision. *See id*. Refusing that right violates the Fourteenth Amendment and warrants summary judgment under *Mathews, Loudermill, Schultz, Chaney, Lalvani,* and *Rebirth Christian*.

Respectfully submitted,

s/ John Moran
John T. Moran

15

The Moran Law Group
309 West Washington, Suite 900
Chicago, Illinois 60606
(312) 630-0200

Christopher Keleher
The Keleher Appellate Law Group, LLC
155 North Wacker Drive, Suite 4250
Chicago, Illinois 60606
(312) 448-8491
ckeleher@appellatelawgroup.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that he served the foregoing document

on counsel of record via the Northern District ECF system on September 29,

2021 to:

Dominick Lanzito
Peterson, Johnson & Murray
Chicago, LLC
200 West Adams, Suite 2125
Chicago, Illinois 60606
(312) 724-8037
dlanzito@pjmchicago.com


<u>s/ Christopher Keleher</u>

Christopher Keleher
The Keleher Appellate Law Group, LLC
155 North Wacker Drive, Suite 4250
Chicago, Illinois 60606
(312) 448-8491
ckeleher@appellatelawgroup.com