IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION

EDDIE RAY BRADLEY

    Plaintiff,

    v.

VILLAGE OF UNIVERSITY PARK, et. al.,

    Defendants.

No. 15-cv-08489

Hon. Charles R. Norgle, Sr.

**PLAINTIFF'S RESPONSE TO DEFENDANTS' LOCAL RULE 56.1 STATEMENT
OF UNDISPUTED FACTS IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

Now comes Plaintiff, Eddie Ray Bradley, by and through his attorney, John T. Moran, Jr., and in response to Defendants' Local Rule 56.1 Statement of Undisputed Facts in Support of their Motion for Summary Judgment states as follows:

**JURISDICTION, VENUE, AND PARTIES**

1. AGREED.
2. AGREED.
3. AGREED.
4. AGREED.
5. AGREED.

**ADDITIONAL UNDISPUTED FACTS**

6. AGREED.
7. AGREED.
8. AGREED.
9. AGREED.

10. AGREED.

11. AGREED.

12. AGREED.

13. AGREED, but Plaintiff objects to the misleading impression this statement is designed to create. The Defendants write, "As a result of the April 2015 election, Covington and her faction of Board Trustees came to comprise a majority of the Board. Plaintiff then realized his termination as the Village Police Chief was imminent based upon the Village Board's new composition." Whether Plaintiff knew Mayor Covington sought to terminate him is irrelevant to Plaintiff's causes of action. What is relevant is that Defendants terminated Plaintiff without notice and outside the terms of his contract and the municipal code and the due process owed him under the Constitution.

14. AGREED.

15. AGREED.

16. AGREED.

17. AGREED.

18. AGREED.

19. AGREED.

20. AGREED.

21. AGREED.

22. AGREED.

23. AGREED.

24. AGREED.

25. AGREED.

26. AGREED.

27. AGREED.

28. AGREED.

29. AGREED.

30. AGREED.

31. AGREED.

32. AGREED.

33. AGREED, but Plaintiff objects to the misleading impression this statement is designed to create. Defendants write, "Plaintiff has no evidence beyond the fact that he was terminated to support that his termination was because of the investigations he had undertaken relative to an account at Seaway Bank, the handling of stolen vehicles placed into storage by the Village and a Village Trustee who was accused of pistol-whipping his son." Plaintiff's investigations and the subsequent meeting with the Will County State's Attorney's Office are relevant to Plaintiff's retaliation claim against Defendants.

34. AGREED, with the addition that the circumstances surrounding Police Chief Mel Davis' removal are not relevant to any of Plaintiff's causes of action. Defendants state, "Plaintiff has testified that it is his understanding that the Village's former Police Chief, Mel Davis, was terminated. Plaintiff does not know the specific circumstances under which former Village Police Chief Mel Davis ceased being in the Village's employ." What is relevant is that Mr. Davis received severance pay after he

separated from the Village's employ, not necessarily the details surrounding this removal from office.

    35.    AGREED.

    36.    AGREED but denies the misleading impression this statement is designed to create. Defendants state, "Roudez cannot recall the specifics of any investigations undertaken by Plaintiff or the specifics of any violations of federal and state law and Village policy that Plaintiff relayed to him. Roudez has no knowledge of Covington or any Village official telling Plaintiff to cease any investigations. Covington denies ever receiving an investigation file from Bradley pertaining to stolen vehicles placed into storage by the Village." Mayor Roudez testified that he remembered accompanying Plaintiff and another Board member to the Will County State's Attorney's Office to discuss Plaintiff's investigations. He also estimates that this meeting occurred shortly before Defendants terminated Plaintiff. See Exhibit A, Roudez Dep., p. 43:12-14; 44:1-9.

    37.    AGREED.

Respectfully submitted,

/s/ John T. Moran
The Moran Law Group
723 Beacon Drive
Lake Barrington, IL 60010
(312) 405-4474
j.t.m.moran@gmail.com
johntmoran@protonmail.com

4