UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDDIE RAY BRADLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Court No. 15 cv 08489 |
| VILLAGE OF UNIVERSITY PARK, ) | |
| ILLINOIS, an Illinois Home Rule ) | Honorable Judge Charles R, Norgle, Sr. |
| municipality, and VIVIAN COVINGTON, ) | |
| Mayor of UNIVERSITY PARK, ILLINOIS, ) | |
| both Individually and her official capacity as ) | |
| mayor, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' LOCAL RULE 56.1 STATEMENT OF ADDITIONAL UNDISPUTED FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

NOW COME Defendants, the VILLAGE OF UNIVERSITY PARK ("the Village") and VIVIAN COVINGTON ("Covington") (collectively "the Village Defendants"), by and through their attorneys, PETERSON, JOHNSON AND MURRAY – CHICAGO, LLC, and for their Local Rule 56.1(b) Statement of Additional Undisputed Facts in opposition to the Motion for Summary Judgment of Plaintiff EDDIE RAY BRADLEY (Doc. 110, Motion for Summary Judgment), state as follows:

**ADDITIONAL UNDISPUTED FACTS**

1. Plaintiff Eddie Ray Bradley ( "Plaintiff") is a resident of the Village and worked as the Village's Police Chief from October 2013 until his termination on May 15, 2015. (Exhibit 1, Village Defendants' Amended Answer and Affirmative Defenses to Plaintiff's Complaint, ¶ 6; Exhibit 2, Bradley Deposition, p. 7).

1

2. Defendant Covington is a resident of the Village. (Exhibit 3, Covington Deposition, pp. 6-7). Covington served as Village Mayor for two consecutive, four-year terms from May 10, 2011 to May 16, 2015, and from May 16, 2015 to May 15, 2019. (Exhibit 3, Covington Deposition, p. 7; Exhibit 4, Covington Affidavit, ¶ 2; Exhibit 5, Roudez Deposition, p. 6).

3. Defendant the Village is a home rule unit of Illinois and an Illinois municipal corporation. (Exhibit 1, Village Defendants' Amended Answer and Affirmative Defenses to Plaintiff's Complaint, ¶ 8). The Village is organized and operates under a managerial form of municipal government. (Exhibit 3, Covington Deposition, p. 17).

4. In October 2013, Plaintiff was hired as the Village's Police Chief at the request of several Village Trustees. (Exhibit 1, Village Defendants' Amended Answer and Affirmative Defenses to Plaintiff's Complaint, ¶ 6; Exhibit 2, Bradley Deposition, pp. 11-12). Plaintiff, a former deputy with the Will County Sheriff's Police, came out of retirement to accept the Village's Police Chief position. (Exhibit 2, Bradley Deposition, pp. 9, 12). Plaintiff's employment with the Village in that regard was governed by a written contract ("the 2013 Contract"). (Exhibit 1, Village Defendants' Amended Answer and Affirmative Defenses to Plaintiff's Complaint, ¶ 12).

5. Covington was the Village Mayor in her first, four-year term of office, which commenced on May 10, 2011, and was set to expire on May 16, 2015, at the time Plaintiff's 2013 Contract was executed. (Exhibit 3, Covington Affidavit, ¶ 2). Covington voted against Plaintiff's 2013 Contract. (Exhibit 2, Bradley Deposition, p. 31; Exhibit 3, Covington Affidavit, ¶ 3).

6. After one year, on October 7, 2014, Plaintiff and the Village purported to enter into a new written employment contract set to expire on December 31, 2016, under which Plaintiff received an annual salary of $100,000.00, medical insurance coverage, and paid vacations and sick leave, among other benefits ("the 2014 Contract"). (Exhibit 1, Village Defendants' Amended

Answer and Affirmative Defenses to Plaintiff's Complaint, ¶ 12; Exhibit 6, Plaintiff's Complaint, Exhibit C).

7. Under the 2014 Contract, Plaintiff could be removed for cause upon service of written notice of for cause charges at least seven (7) days before a hearing with the Village Board to consider the termination of his employment contract. (Exhibit 1, Village Defendants' Amended Answer and Affirmative Defenses to Plaintiff's Complaint, ¶ 12; Exhibit 6, Plaintiff's Complaint, Exhibit C). The 2014 Contract further provided that Plaintiff would be afforded the opportunity to explain his position at the said Village Board hearing. (Exhibit 1, Village Defendants' Amended Answer and Affirmative Defenses to Plaintiff's Complaint, ¶ 13; Exhibit 6, Plaintiff's Complaint, Exhibit C).

8. The 2014 Contract also provided that Plaintiff could be terminated without cause as long as the Village Board notified him in writing of its decision in that regard and paid Plaintiff a termination fee and/or severance equal to four (4) months of his salary. (Exhibit 1, Village Defendants' Amended Answer and Affirmative Defenses to Plaintiff's Complaint, ¶ 14; Exhibit 2, Bradley Deposition, pp. 17, 39; Exhibit 6, Plaintiff's Complaint, Exhibit C).

9. When executed on or about October 7, 2014, the duration term in the 2014 Contract (*i.e.*, December 31, 2016) exceeded Covington's first, four-year term of office as Village Mayor, which again (barring her re-election) was scheduled to expire on May 16, 2015. (Exhibit 3, Covington Affidavit, ¶ 5). Covington was not in favor of Plaintiff's 2014 Contract. (Exhibit 3, Covington Affidavit, ¶ 4).

10. In April 2015, Covington and three (3) Village Trustees, among other Village officials, were up for re-election. (Exhibit 2, Bradley Deposition, pp. 15-16; Exhibit 3, Covington Affidavit, ¶ 6). Covington along with incumbent Trustees Milton Payton and Oscar Brown were

successfully re-elected. (Exhibit 3, Covington Affidavit, ¶ 6). In addition, Paula Wilson, a non-incumbent, then became a newly elected Trustee. (Exhibit 3, Covington Affidavit, ¶ 6). Covington's second, four-year term of office as the Village Mayor commenced on May 16, 2015. (Exhibit 3, Covington Affidavit, ¶ 6).

11. As a result of the April 2015 election, Covington and her faction of Board Trustees came to comprise a majority of the Board. (Exhibit 2, Bradley Deposition, pp. 27-28). Plaintiff then realized his termination as the Village Police Chief was imminent based upon the Village Board's new composition. (Exhibit 2, Bradley Deposition, pp. 27-28).

12. Upon assuming the position of Village Mayor for a second, four-year term and with a new Village Board, on May 16, 2015, Covington advised Plaintiff via a letter that he had been placed on administrative leave with pay pending further review by the Village Board. (Exhibit 1, Village Defendants' Amended Answer and Affirmative Defenses to Plaintiff's Complaint, ¶ 11; Exhibit 6, Plaintiff's Complaint, Exhibit B).

13. Covington thereafter called a Village Board meeting during which a formal vote was taken to terminate Plaintiff as the Village Police Chief. (Exhibit 5, Roudez Deposition, p. 7). Joseph Roudez, then a Village Trustee, was not present for the said Village Board meeting. (Exhibit 5, Roudez Deposition, pp. 6-7). Then Village Trustee Keith Griffin was also not in attendance for the said Village Board meeting. (Exhibit 5, Roudez Deposition, pp. 7-8).

14. Approximately two weeks later, via a letter dated May 29, 2015, Covington informed Plaintiff that his appointment as the Village's Police Chief had been terminated effective May 15, 2015, and that he had been replaced by an Acting Chief of Police as of May 22, 2015. (Exhibit 1, Village Defendants' Amended Answer and Affirmative Defenses to Plaintiff's Complaint, ¶¶ 6, 10; Exhibit 6, Plaintiff's Complaint, Exhibit A).

4

15. The May 29, 2015 letter further represented that the 2014 Contract was void *ab initio*, conferred no rights to Plaintiff, imposed no duties upon the Village and afforded Plaintiff no protection. (Exhibit 1, Village Defendants' Amended Answer and Affirmative Defenses to Plaintiff's Complaint, ¶ 10; Exhibit 6, Plaintiff's Complaint, Exhibit A). In that regard, the letter referenced Sections 5/3.1-30-5(c) and 8-1-7(b) of the Illinois Municipal Code, 65 ILCS 5/3.1-30-5(c) and 65 ILCS 5/8-1-7(b). (Exhibit 6, Plaintiff's Complaint, Exhibit A).

                                            Respectfully submitted,

                                            /s/ DOMINICK L. LANZITO

Date: October 28, 2021                One of the Attorneys for Defendants
                                            Village of University Park and Vivian Covington

DOMINICK L. LANZITO (Attorney No. 6277856)
PETERSON, JOHNSON & MURRAY CHICAGO, LLC
200 West Adams Street, Suite 2125
Chicago, Illinois 60606
(312) 782-7150
dlanzito@pjmchicago.com