IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

EDDIE RAY BRADLEY

    Plaintiff,

No. 15-cv-08489

    v.

Honorable Charles R. Norgle, Sr.

VILLAGE OF UNIVERSTY PARK,
ILLINOIS, an Illinois Home Rule municipality,
and VIVIAN COVINGTON, MAYOR OF
UNIVERSITYPARK, ILLINOIS, individually
and in her Official Capacity as mayor,

    Defendants.

---

**PLAINTIFF'S REPLY IN OPPOSITION TO
DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO
STRIKE THE DEFENDANTS' AFFIRMATIVE DEFENSES AND
AMENDED ANSWER**

    NOW COMES your plaintiff, and as his reply in Opposition to Defendants' Response to his Motion to Strike their Affirmative Defenses and Amended Answer states the following:

    First, defendants claim that the motion should be denied "per the temporal dictates of Rule 12 (f)." While defendants are correct that Rule 12(f) has a limitation period that plaintiff apparently exceeded, this would be determinative if the motion to strike was in fact based on that Rule. The court previously struck the large majority of them this past February 22nd.

    What is noteworthy about the defendants' reply is that they have used it to regurgitate their losing arguments regarding the *Parratt* doctrine made in this court before appeal and that they made on appeal which the Seventh Circuit rejected based on defendants' own concessions.

    Rule 12 (f) states that this court is free to review the affirmative defenses and "may strike

1

from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" without regard to the time period advanced by defendants here. See *Fed.Deposit Ins. Corp. v. Giannoulias*, 2014 U.S. Dist. LEXIS 93639; and *Ehlerding v. American Mattress & Upholstery, Inc.,* 208 F. Supp. 3d 944, 951, which recognize that the comments to the Rule indicate that a motion to strike under FRCivP 12 (f) is really a request that this Court, which has no time limitations (R. 12 (f)(1), look at the sufficiency of the affirmative defenses raised. (We are at the summary judgment stage of this litigation and both sides have moved for it.)

As defendants note, it is the "skeletal" nature of the defenses propounded by them that triggered the motion to strike. Because of the nature of the defendants' use of qualified immunity, for example, one can see why it is barred by the holding in by the Seventh Circuit. And as noted in the motion to strike itself, the defendants advance little in the way of "facts" in support of their "defenses" and completely ignore the comprehensive analysis of them that appears in the motion to strike and its predecessor. As to the "tort immunity" defense, it is clear on this record that defense was dropped by defendants in 2016 and it was never part of its appeal brief to the Seventh Circuit. A copy of the original motion to strike and memorandum in support are attached hereto and made part hereof.

For all of the reasons in the motion to strike, this court should (a) review the affirmative defenses, and (b) strike those for the reasons set out. As plaintiff has argued, defendants are seeking to raise defenses five years after the case began without demonstrating any new "cause" for their delay.

                                              Respectfully submitted,

                                              s/ John T. Moran
                                              John T. Moran
                                              The Moran Law Group
                                              566 W. Lake Street

Chicago, Illinois 60661
(312) 405-4474
j.t.m.moran@gmail.com

Christopher Keleher
The Keleher Appellate Law Group, LLC
155 North Wacker Drive, Suite 4250
Chicago, Illinois 60606
(312) 448-8491
ckeleher@appellatelawgroup.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, states that he served the attached Reply in Support of his Motion to Strike on counsel of record via the Northern District ECF system on November 1, 2021, to:

Dominick Lanzito
Peterson, Johnson & Murray Chicago, LLC
200 West Adams, Suite 2125
Chicago, Illinois 60606
(312) 724-8037
dlanzito@pjmchicago.com

s/ John T. Moran
John T. Moran
The Moran Law Group
566 W. Lake Street, Suite 101
Chicago, Illinois 60661
(312) 405-4474
j.t.m.moran@gmail.com