IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ILLINOIS, EASTERN DIVISION

EDDIE RAY BRADLEY

    Plaintiff,

    v.

VILLAGE OF UNIVERSITY PARK, *et. al.*,

    Defendants.

No. 15-cv-08489

Hon. Charles R. Norgle, Sr.

**PLAINTIFF'S REPLY TO DEFENDANTS'
RESPONSE TO PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF
UNDISPUTED FACTS IN OPPOSITION TO DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

NOW COMES Plaintiff, Eddie Ray Bradley, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(a)(3), submits his REPLY to Defendants' Response to Plaintiff's Rule 56.1 Statement of Undisputed Facts in Opposition to Defendants' Motion for Summary Judgment:

**3.** Bradley and the Village of University Park entered into an employment contract for a two-year term for 2015 and 2016, at a salary of $100,000, plus benefits.

<u>Defendants stated the following:</u> "Undisputed that Plaintiff and University Park entered into a document that purported to be an employment agreement. Disputed that this agreement was a valid and enforceable contract under Illinois law."

1

Plaintiff's Response: In *Bradley v. University Park*, the Seventh Circuit found that Plaintiff had a valid and enforceable employment contract and rejected Defendants' attempt to invalidate it. *Bradley v. University Park*, 929 F.3d 875, 881 (7th Cir. 2019). * * *

6. On July 14, 2015, counsel for Bradley, John Moran, wrote to the Defendants invoking Bradley's due process rights, and noting that Bradley was still the Chief of Police per Illinois law.

Defendants stated the following: "Undisputed that Plaintiff's counsel sent a letter to the Village on July 14, 2015 and that a copy of the letter is attached as Exhibit E, but disputed that Plaintiff had any Due Process rights as a Chief of Police under Illinois Law. See, 65 ILCS 5/8-1-7(b)."

Plaintiff's Response: Defendants previously conceded that Defendants had violated Plaintiff's due process rights when they terminated him outside of the terms of his contract and Illinois law. The Seventh Circuit noted Defendants' concessions, stating that, "the parties agree that Bradley had a protected property interest in his employment. They agree that the mayor and the village board are the policymakers for their municipality on the subject. And everyone agrees that although there was ample opportunity for a hearing, Bradley received no pretermination notice or hearing." *Bradley*, 929 F.3d at 878. Based on Defendants' admissions, the Court further stated that the Defendants "did not comply with . . . the Fourteenth Amendment," Bradley that can "prove a due process claim under § 1983." *Id.* at 878; 880.

    **13.**    Roudez said Bradley never received notice of any charges against him.

    <u>Defendants stated the following:</u> "Disputed that the basis of Plaintiff's termination was not provided to him. See, Plaintiff's Exhibit D."

    <u>Plaintiff's Response:</u> Defendants previously conceded that Plaintiff was not given the notice he was contractually and legally due prior to his termination. Additionally, Defendants, in citing Mayor Covington's second letter to Plaintiff, (Plaintiff's Exhibit D to his Statement of Undisputed Material Facts) the Defendants attempt to argue that this letter was sufficient to place Plaintiff on notice of the reason for his termination. This is not so. The Seventh Circuit found that, "[t]he letter terminated Bradley did not try to justify his firing based on any sort of good cause." To reiterate, the Court found that Defendants' actions, including sending the letter to Plaintiff, "did not comply with the termination provisions of Bradley's employment contact, the requirements of state law, or – critical to this case – the Fourteenth Amendment." *Bradley*, 929 F.3d at 880.

    **15.**    Bradley did not receive a hearing post termination nor was he allowed to address the Village Board, although a previous Chief who was terminated was allowed to.

    <u>Defendants stated the following:</u> "Undisputed that Bradley did not receive a hearing post termination and that he was not allowed to address the Village Board. See, 65 ILCS § 5/3.1-30-5(c) and 65 ILCS § 5/8-1-7(b). See also, 65 ILCS 5/10-2.1-4 and University Park Municipal Code. Sections 220-05 "Duties of officers and departments" and 271-02 "Modifications of State Statute". Disputed as to the

circumstances surrounding the previous Chief's termination or that he was entitled to a hearing, as this Statement lacks foundation and should be stricken. See, *Eisenstadt v. Centel Corp.,* 113 F.3d 738, 742 (7th Cir.1997); *Rogers v. City of Chi.,* 320 F.3d 748, 751 (7th Cir. 2003)."

Plaintiff's Response: Plaintiff testified that the previous police chief, Mel Davis, was given a hearing before the Board prior to his termination and was issued a $25,000 severance check despite not having a contract with the Board. Bradley Dep., 158:5-23.

16. Mayor Roudez said Bradley was not given any reasons for his termination and that he, Roudez, was not aware of any reasons.

Defendants stated the following: "Disputed."

Plaintiff's Response: Mayor Roudez testified that he never learned why Defendants terminated Bradley. Roudez Dep., 10:39.

25. [Trustee] Brooks was never given a reason for Bradley's termination.

Defendants stated the following: "Disputed as to the time frame, as Trustee Brooks is aware of the reason for Plaintiff's termination. Undisputed that Theaplise Brooks was not involved in the termination of Plaintiff."

Plaintiff's Response: In his deposition, Brooks denied that Defendants made him aware of the reason for Plaintiff's termination. Brooks Dep., 15:15-22.

31. The Chief of Police prior to Bradley, Mel Davis, was paid a severance.

4

<u>Defendants stated the following:</u> "Undisputed, but disputed that Mel Davis was employed pursuant to an invalid Employment Agreement, or that the two chiefs were similarly situated."

<u>Plaintiff's Response:</u> Plaintiff testified that Mel Davis did not have an employment contract with Defendants but was paid severance upon his termination regardless. Bradley Dep., 158:5-23.

35. Both Will County and the United States Governments were investigating the Village.

<u>Defendants stated the following:</u> "Objection, the testimony cited lacks foundation and is based upon hearsay. Without waiving said objection, disputed because the witness testified that he heard through the "grapevine" about an investigation."

<u>Plaintiff's Response:</u> Mayor Roudez testified that he and Keith Griffin accompanied Bradley to the Will County states' attorney's office regarding Bradley's corruption investigations. Roudez Dep., 43:12-14; 44:1-9. In her deposition, Mayor Covington confirmed that her laptop was seized by the FBI. Covington Dep., 42:11-15.

55. Bradley was not given an opportunity for a pre-termination or post-termination hearing before the Village Board.

<u>Defendants stated the following:</u> "Disputed that Plaintiff was entitled to a pre-termination or post-termination hearing. See, 65 ILCS § 5/3.1-30-5(c) and 65 ILCS § 5/8-1-7(b). See also, 65 ILCS 5/10-2.1-4 and University Park Municipal Code.

5

Sections 220-05 "Duties of officers and departments" and 271-02 "Modifications of State Statute".

Plaintiff's Response: Defendants previously conceded that Plaintiff was entitled to notice and a hearing and did not receive one, and the Seventh Circuit found as much. *Bradley*, 929 F.3d at 878.

Respectfully submitted,

/s/ John T. Moran
The Moran Law Group
723 Beacon Drive
Lake Barrington, IL 60010
(312) 405-4474
j.t.m.moran@gmail.com

s/ Christopher Keleher
Christopher Keleher
The Keleher Appellate Law Group, LLC
155 North Wacker Drive, Suite 4250
Chicago, Illinois 60606
(312) 448-8491
ckeleher@appellatelawgroup.com